**In re Anthony R. MARTIN–TRIGONA.**

**Anthony R. MARTIN–TRIGONA**

**v.**

**Harold LAVIEN, et al.**

**Anthony R. MARTIN–TRIGONA**

**v.**

**William F. SMITH, et al.**

**Misc. Civ. No. H 83–62 (Consolidated Cases) and Civ. Nos. H83–305, H83–322.**

United States District Court, D. Connecticut.

Sept. 13, 1984.

Anthony R. Martin-Trigona, Federal Correctional Institution, Danbury, Conn., pro se.

W. Philip Jones, U.S. Dept. of Justice, Washington, D.C., for federal defendants.

William Sanders, D'Amato & Lynch, New York City, for defendants Daniel Meister, Richard Belford and Richard Coan.

Richard M. Coan, Coan, Lewendon & Royston, New Haven, Conn., for Richard Belford, trustee in bankruptcy of the estate of Anthony R. Martin-Trigona.

Irving H. Perlmutter, Ullman, Perlmutter & Sklaver, New Haven, Conn., for Daniel Meister, trustee in bankruptcy of the estate of New Haven Radio, Inc.

Gordon W. Hatheway, Jr., Pierson, Ball & Dowd, Washington, D.C., for complainant Pierson, Ball & Dowd.

### MEMORANDUM AND ORDER OF PERMANENT INJUNCTION

JOSÉ A. CABRANES, District Judge:

Table of Contents

| | | Page |
|---|---|---|
| MEMORANDUM | | 1568 |
| ORDER OF PERMANENT INJUNCTION | | 1569 |
| I. | Filing Motions or Other Documents in Pending Cases | 1569 |
| | A. Affidavit or Unsworn Declaration Under Penalty of Perjury | 1570 |
| | B. Documents to be Separate and Self-Contained; Incorporation by Reference | 1570 |
| | C. Each Document to Relate to a Single Action | 1570 |
| | D. Motions for Permission to Proceed or to Appeal *In Forma Pauperis* | 1570 |
| | E. Notices of Appeal | 1571 |
| | F. Service of Documents to All Persons on Master Service List | 1571 |
| | G. Communications with the Court | 1571 |
| | H. No Waiver, Agreement, or Consent to be Implied from Failure to Answer Communications | 1571 |
| II. | Filing Actions Arising Out of Bankruptcy Proceedings | 1571 |
| III. | New Lawsuits, Actions, Proceedings, or Matters in Federal *Fora* | 1571 |
| IV. | Filing Documents in Federal *Fora* When Not a Party | 1572 |
| V. | Intervention and Participation | 1572 |
| VI. | Commencing New Actions or Participating in Proceedings in Non-Federal Courts and Other *Fora* | 1573 |
| VII. | Lawsuits, Actions, Proceedings, Investigations, or Matters Anywhere Against Persons or Entities That Have Encountered Martin-Trigona in the Bankruptcy Court or the District Court for the District of Connecticut or the Court of Appeals for the Second Circuit, or Against Their Associates | 1573 |
| VIII. | Lawsuits, Actions, Proceedings, or Matters Anywhere Against Property of Persons or Entities That Have Encountered Martin-Trigona in the Bankruptcy Court or the District Court for the District of Connecticut or the Court of Appeals for the Second Circuit, or of Their Associates; Notices of *Lis Pendens*; Notices of Liens | 1574 |
| IX. | Actions Affecting or Purporting to Affect Persons, Property, Credit Ratings, Insurance, *etc.*, of Persons or Entities That Have Encountered Martin-Trigona in the Bankruptcy Court or the District Court for the District of Connecticut or the Court of Appeals for the Second Circuit, or Their Associates | 1574 |
| X. | Persons Acting in Concert with Anthony R. Martin-Trigona Fully Bound by the Terms of This Order | 1574 |
| XI. | Failure to Honor Terms of This Order Punishable by Contempt | 1574 |
| XII. | Leave to File—Time Limit and Separate Certification | 1575 |
| XIII. | Service of Documents | 1575 |
| XIV. | Limitations | 1575 |
| XV. | Complaints of Violations of This Order and Reports by the United States Attorney | 1575 |
| XVI. | Service of This Order | 1576 |
| XVII. | *Vacatur* of Prior Injunctions and Inconsistent Orders | 1576 |

NOTES
APPENDICES

 Appendix A—Affidavit of Richard Belford, Trustee in Bankruptcy of the Estate
 of Anthony R. Martin-Trigona

 Appendix B—Affidavit of Gordon W. Hatheway, Jr. of the District of Columbia
 Bar

Page
1576

## MEMORANDUM

On June 17, 1983, this court held a hearing on the application for preliminary injunctive relief filed by the federal defendants in these consolidated actions, which hearing was consolidated with a trial on the merits. Rule 65(a), Fed.R.Civ.P. *See generally In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir.1984). Following that hearing, this court, on June 23, 1983, entered an Order of Permanent Injunction (the "Order"), that imposed certain conditions and restrictions upon Anthony R. Martin-Trigona with respect to the filing of actions, proceedings, documents, motions, affidavits, declarations, pleadings or other papers, in any court (state or federal) of the United States, and also with respect to the service of papers. *See In re Martin-Trigona*, 573 F.Supp. 1245, 1261–1269 (D.Conn.1983).

On appeal, the Court of Appeals affirmed the Order in part, vacated it in part, and remanded the cause to this court for further proceedings consistent with its opinion. *In re Martin-Trigona, supra*, 737 F.2d at 1264. In so doing, the Court of Appeals held that this court's findings were "abundantly supported by the record." *Id.* at 1260. In addition, "to the extent that certain provisions of [the district court's] order [were] not mentioned in the [Court of Appeals'] opinion, [the Court of Appeals] ... agree[d] with and affirm[ed] the district court['s holdings]." *Id.* at 1262. While the Court of Appeals vacated that part of the Order that prohibited Martin-Trigona from filing lawsuits in any state court without first obtaining permission from the court in which he desired to file the lawsuit, it affirmed the remainder of the Order. The Court of Appeals instructed this court to broaden the Order in certain respects, by fashioning on remand an injunction in aid of federal juris-

diction that protects any persons who have encountered Martin-Trigona in any capacity in this court, the United States Bankruptcy Court for this District, or the Court of Appeals for the Second Circuit, as well as the relatives and associates of such persons, from harassment by Martin-Trigona.

In particular, the Court of Appeals stated that

> [u]pon remand, ... the district court should continue the provisions of the injunction requiring Martin-Trigona to append pertinent informational materials to pleadings in state courts[;] ... [and] should fashion an injunction prohibiting Martin-Trigona from bringing new actions in any tribunal without leave from the district court against persons who have encountered him in any capacity in litigation in the District of Connecticut or in this court, including, but not necessarily limited to, court personnel, counsel, and the families and professional associates of such persons.
>
> We further note that the district court's responsibility to protect federal jurisdiction and those individuals or entities who seek access to federal courts may entail periodic revision of the injunction to keep pace with Martin-Trigona's imaginative pursuit of new methods of harassment. Nothing we say here limits the power of the district court to prevent harassing and vexatious conduct by Martin-Trigona which is related to litigation, pending or concluded, in the district court or in this court.

*Id.* at 1263. In addition, noting that "resort to appellate procedures carries with it the same vexatious and harassing consequences as proceedings in trial courts and thereby results in a similar impairment of the administration of justice," *id.* at 1264, the Court of Appeals issued its own preliminary injunction imposing restrictions and

conditions on appeals by Martin-Trigona within this Circuit. *Id.*

This court, which has overseen implementation of the Order since its entry more than a year ago, including the period during which an appeal of the Order was pending, as well as the administration of the estates in question, entered a Supplemental Order of Preliminary Injunction on June 20, 1984, implementing, on an interim basis, the requirements of the opinion of the Court of Appeals. By orders of June 21 and June 29, 1984, the court invited all those on the Master Service List established for these actions,[1] including Martin-Trigona, to submit proposed forms of a revised version of the Order.

Several proposed forms of order or suggestions concerning a permanent injunction have been received by the court, as have several uncontradicted affidavits. *See, e.g.,* Affidavit of Richard Belford (filed July 23, 1984); Affidavit of Gordon W. Hatheway, Jr. (filed July 30, 1984) (Appendices A and B, *infra* ).[2] Those affidavits principally set forth Martin-Trigona's well-documented practice of abusing his imagined enemies through legal process. The tactics noted include applications for prejudgment remedies, *see In re Martin-Trigona, supra,* 573 F.Supp. 1245–1258 (and cases cited therein), and attempts by Martin-Trigona to initiate investigations of his adversaries by government agencies (for example, the Internal Revenue Service), *see* Appendix A, *infra,* ¶¶ 5–6; *see also* Letter from Anthony R. Martin-Trigona to Richard Coan (dated Aug. 15, 1984), attached as an Exhibit to Additional Submission in Opposition to Debtor's "Motion to Terminate Civil Contempt and Release from Custody" (filed Aug. 24, 1984). The affidavits also detail Martin-Trigona's penchant for viciously abusing and harassing opposing parties, counsel, and, in the words of the Court of Appeals, "anyone [else] who so much as

crosses his path," *In re Martin-Trigona, supra,* 737 F.2d at 1263. As this court has previously found, *see In re Martin-Trigona, supra,* 573 F.Supp. at 1264 ¶ 12, in findings affirmed by the Court of Appeals, *see In re Martin-Trigona, supra,* 737 F.2d at 1259–1260, Martin-Trigona's harassment and defamations cause emotional distress and injury to his victims and subject them to embarrassment among professional colleagues, insurers, and the general public. As in all such situations, the truth takes all too long to overcome the lie. *In re Martin-Trigona, supra,* 573 F.Supp. at 1254 ("[Martin-Trigona's] outlandish charges ... may go unaddressed by court or defendant"); *In re Martin-Trigona,* Misc.Civ. No. H 83–62, slip op. at 2 (D.Conn. July 26, 1984) (order) ("[Martin-Trigona's] assertion ... is typical of his deliberate misrepresentations[,] characterized by delusions of persecution, ... with which all concerned with litigation involving him have become so familiar").

Although served with all of these submissions and invited by this court to make his own, Martin-Trigona has made no comments on the projected form of order or any response to the submissions of others. On the basis of its consideration of the record of these cases, its previous findings, *In re Martin-Trigona, supra,* 573 F.Supp. 1261–1266, as affirmed by the Court of Appeals, and its judicial notice of its own docket, the court credits these uncontested affidavits and finds the facts alleged in them to be true.

Accordingly, the court enters the following order of permanent injunction.

## ORDER OF PERMANENT INJUNCTION

### I. *Filing Motions or Other Documents in Pending Cases*

Anthony R. Martin-Trigona is hereby permanently enjoined from the service or

---

1. The Master Service List was established pursuant to a November 17, 1983 ruling from the bench and was attached to the court's written order of December 7, 1983. It has since been revised from time to time. The Master Service List was designed to address "the proliferation of paper and filings of a disorganized sort" that Martin-Trigona intentionally and effectively manipulated, "causing massive confusion over a

broad terrain." *See* Certified Official Transcript of Hearing of November 17, 1983 (filed Nov. 22, 1983) at 35–37.

2. *See also* Affidavit of Richard Coan, counsel to Richard Belford, Trustee in Bankruptcy of the Estate of Anthony R. Martin-Trigona (filed July 23, 1984).

filing of any actual or purported motion, affidavit, declaration, pleading, or other document in any pending case brought by him or on his behalf within the District of Connecticut, including all actions connected to the bankruptcy cases *In re Anthony R. Martin-Trigona, Debtor*, and *In re New Haven Radio, Inc., Debtor*, that have been consolidated under the docket number Misc.Civ. No. H 83–62, without first obtaining leave of court. Leave of court to serve and file may be obtained only by the lodging of the document in question with the undersigned or another judicial officer to whom the undersigned may transfer this matter or aspects thereof from time to time.

Any document for which leave to serve and file is sought shall comply with the following conditions and shall be submitted to the Office of the Clerk at the Hartford Seat of Court. The Clerk shall, in the normal course, convey any such document to the undersigned or to another judicial officer to whom this matter is assigned. Failure to comply with any of these conditions will be deemed good and sufficient grounds for the Clerk to refuse to accept such document, or to return such document to Martin-Trigona, or for the court summarily to deny Martin-Trigona permission to serve and/or file such document.

A. *Affidavit or Unsworn Declaration Under Penalty of Perjury.* Any actual or purported motion, affidavit, declaration, pleading, or other document that Martin-Trigona seeks to serve and/or file shall be accompanied by an affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746 attesting to the necessity for filing, certifying that the document is submitted in good faith, and indicating the names of those persons upon whom the document is to be served and the address at which service will be made. This provision shall not apply to notices of appeal.

B. *Documents to be Separate and Self-Contained; Incorporation by Reference.* (i) The record of these and related proceedings has been confused by Martin-Trigona's practice of filing various pleadings, motions, notices, affidavits, declarations, and applications that often require different actions by the court, on the same sheet of paper or in the same multi-page document.

Therefore, any future document, motion, affidavit, declaration, notice, pleading, or other paper that Martin-Trigona seeks to file shall be separate and self-contained. No one document shall include more than the text of a single motion, affidavit, declaration, pleading, notice, request, application, certificate, or other paper. (ii) Whenever any document that Martin-Trigona seeks to file incorporates any matter from any other document by reference, a photocopy of the document to which reference is made shall be attached.

C. *Each Document to Relate to a Single Action.* Any document, motion, affidavit, declaration, notice, pleading, petition, or other paper that Martin-Trigona seeks to file shall bear the caption of the case or cases to which it relates. If a document, motion, affidavit, declaration, notice, pleading, petition, or other paper is intended to have any legal effect in more than one action, Martin-Trigona shall provide a separate copy for each such action, and each such copy shall clearly designate the name and docket number of the action in which the document is intended to be filed.

D. *Motions for Permission to Proceed or to Appeal* In Forma Pauperis. Both this court and the Court of Appeals have repeatedly denied a seemingly endless stream of motions by Martin-Trigona for permission to proceed or to appeal *in forma pauperis* on the grounds, *inter alia,* that the supporting affidavit failed to state facts sufficient to demonstrate indigency. Martin-Trigona nonetheless has continued to file motions for permission to proceed or to appeal *in forma pauperis* that are virtually identical to those denied. Accordingly, any future motion by Martin-Trigona for permission to proceed or to appeal *in forma pauperis* shall have annexed to it an affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746 that indicates with particularity: (1) the date and disposition of the most recent denial by this court *or* the Court of Appeals of any such motion or any other pleading intended to achieve a like result, and (2) the new facts, if any, that purport to demonstrate indigency that have not previously been alleged by Martin-Trigona in support of prior unsuccessful

motions for permission to proceed or to appeal *in forma pauperis.*

E. *Notices of Appeal.* Martin-Trigona has filed countless frivolous notices of appeal from unappealable interlocutory orders, or notices of appeal that fail to "designate the judgment, order, or part thereof appealed from," as required by Rule 3(c), Fed.R.App.P., or that purport to appeal from more than one order. Accordingly, any future notice of appeal filed by Martin-Trigona shall "designate the judgment, order, or part thereof appealed from," *id.,* and shall have annexed to it, as an appendix, a copy of such "judgment, order, or part thereof." A separate notice of appeal shall be filed with respect to each judgment or order appealed from.

F. *Service of Documents to All Persons on Master Service List.* Martin-Trigona shall serve any document for which leave to serve has been granted by the court, within ten (10) days of the granting of such leave, upon all persons on the Master Service List then in effect (*i.e.,* as updated by the court from time to time), and shall annex to each and every such document a certificate of proper service executed under penalty of perjury before the Clerk shall accept any such document for filing.

G. *Communications with the Court.* If Martin-Trigona or any other person or entity acting on his behalf or in concert with him wishes to communicate with the court, he or she shall do so only by such formal motion made under applicable law as may be appropriate in the circumstances. The Clerk and other personnel of the Judicial Branch of Government and persons acting pursuant to the direction of the court (*e.g.,* Marshals) shall be under no obligation to respond in any way to any letter, telephone call, or other informal communication from Martin-Trigona, or from any person or entity acting on his behalf or in concert with him.

H. *No Waiver, Agreement, or Consent to be Implied from Failure to Answer Communications.* Failure by the Clerk or other personnel of the Judicial Branch of Government, or persons acting pursuant to direction of the court, to respond to any communication from Martin-Trigona or any person acting on his behalf or in concert with him shall in no sense be deemed to imply approval of, agreement with, or consent to such views or requests as may be expressed in such communication.

II. *Filing Actions Arising Out of Bankruptcy Proceedings*

Anthony R. Martin-Trigona is hereby permanently enjoined from the filing of any action or proceeding, in any federal court of the United States, arising out of the acts of any person or entity involved in any capacity with the litigation of any bankruptcy proceeding filed on or before June 17, 1983 involving either Martin-Trigona or any of the properties in which he claims or seeks to assert an interest. Upon the conclusion of any bankruptcy proceeding in which Martin-Trigona claims an interest and upon certification by the judge before whom the proceeding was held and to whom a copy of this order has been provided by Martin-Trigona, together with an application for such certification, Martin-Trigona may file a consolidated appeal from such bankruptcy proceedings, contingent upon the granting of leave by the court in which the appeal is sought to be filed (and pursuant to the terms of the other paragraphs of this order).

III. *New Lawsuits, Actions, Proceedings, or Matters in Federal* Fora

Anthony R. Martin-Trigona is hereby permanently enjoined from filing or attempting to initiate any new lawsuit, action, proceeding, or matter in any federal court, agency, tribunal, committee, or other federal forum of the United States, against any person or entity, other than a person or entity comprehended by the terms of section VII, *infra,* or serving any such person or entity with any paper purporting to initiate any such lawsuit, action, proceeding, or matter without first obtaining leave of that court, agency, tribunal, committee, or other forum. In seeking such leave, Martin-Trigona or any individual or entity acting for him, or at his behest, shall comply with each of the following requirements: (a) he shall file with the complaint or document purporting to commence a lawsuit, action, proceeding, or matter a motion captioned

"Application Pursuant to Court Order Seeking Leave to File;" (b) he shall attach as "Exhibit 1" to that motion a copy of this court's opinion in *In re Martin-Trigona,* 573 F.Supp. 1245 (D.Conn.1983), with all appendices; (c) he shall attach as "Exhibit 2" to that motion a copy of the decision of the Court of Appeals in *In re Martin-Trigona,* 737 F.2d 1254 (2d Cir.1984), with all appendices; (d) he shall attach as "Exhibit 3" to that motion a copy of this order, *In re Martin-Trigona,* 592 F.Supp. 1566 (D.Conn. 1984), with all appendices; (e) he shall attach as "Exhibit 4" to that motion either an affidavit or an unsworn declaration pursuant to 28 U.S.C. § 1746 certifying whether or not the claim he wishes to present is a claim ever raised by him in any court, agency, tribunal, committee, or other forum; (f) he shall attach as "Exhibit 5" to that motion a list of each and every lawsuit, action, proceeding, matter, or complaint previously filed by him or on his behalf in any court, agency, tribunal, committee, or other forum, against each and every defendant or respondent in the lawsuit, action, proceeding, or matter he wishes to file or attempt to initiate; (g) he shall attach as "Exhibit 6" and successive exhibits (with numbers continuing as necessary) to that motion a copy of each such complaint or other document purporting to commence any such lawsuit, action, proceeding, or matter and a certified record of its disposition; (h) he shall serve on each defendant or respondent, if and when leave to serve the complaint or other analogous document in the new lawsuit, action, proceeding, or matter is granted, a copy of the materials specified in subsections (a), (b), (c), and (d) of this section, *supra.*

Failure to comply with the terms of this order will be sufficient grounds for a federal court, agency, tribunal, committee, or other federal forum to deny any motion by Martin-Trigona for leave to file. Further, the failure by Martin-Trigona to advise a federal court, agency, tribunal, committee, or other federal forum in which he has filed a lawsuit, action, proceeding, or matter of the materials specified in subsections (a), (b), (c), and (d) of this section, *supra,* may be considered by such court or other forum a sufficient basis for sustaining a motion to dismiss such a lawsuit, action, proceeding, or matter, or a request otherwise to dispose of the matter filed or submitted by Martin-Trigona.

### IV. *Filing Documents in Federal Fora When Not a Party*

Anthony R. Martin-Trigona is hereby permanently enjoined from the filing or submission of any document, motion, affidavit, declaration, or pleading in any federal court, agency, tribunal, or other federal forum in any lawsuit, action, proceeding, or matter to which he is not a party without first seeking leave of that court, agency, tribunal, or other forum. Leave of the federal court, agency, tribunal, or other federal forum may be obtained only by lodging with it the document sought to be filed, together with: (a) an affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746 attesting to the necessity for filing and describing with particularity the reasons therefor; (b) a statement setting forth the name(s) of the person(s) to be served and the address(es) at which service will be made, and (c) an application captioned "Application Pursuant to Court Order Seeking Leave to File," to which copies of the materials specified in section III(b)–(d), *supra,* shall be annexed as exhibits. Such leave shall be obtained before the filing of any document, motion, affidavit, declaration, or pleading in any lawsuit, action, proceeding, or matter to which Martin-Trigona is not a party in any federal court, agency, tribunal, or other federal forum of the United States.

### V. *Intervention and Participation*

The requirements and conditions imposed by the provisions of section IV of this order, *supra,* shall also apply with full force and effect to any future efforts by Anthony R. Martin-Trigona to intervene, appear, or participate in any capacity (including, but not limited to, plaintiff, defendant, intervenor or putative intervenor, appellant, petitioner, respondent, complainant, witness, or *amicus curiae*) in any then-existing action or proceeding in or before any federal court, agency, tribunal, or other federal forum of the United States,

when he has not been summoned as a defendant or respondent, served with a subpoena, or invited by the court or other forum to participate.

## VI. *Commencing New Actions or Participating in Proceedings in Non-Federal Courts and Other* Fora

In filing or causing to be filed any document that commences a new lawsuit, action, proceeding, or matter or in which he seeks to intervene or participate in any then-existing lawsuit, action, proceeding, or matter in any state, county, municipal, or other non-federal court, agency, tribunal, or forum in the United States, Anthony R. Martin-Trigona or any individual or entity acting for him or at his behest or in concert with him shall attach to any such document a statement entitled "Informational Statement Concerning Litigation History of Anthony R. Martin-Trigona, Pursuant to Court Orders," whose text shall read as follows: "Pursuant to orders of the United States District Court for the District of Connecticut and the United States Court of Appeals for the Second Circuit, this tribunal is respectfully referred to the litigation history of Anthony R. Martin-Trigona, described in *In re Martin-Trigona*, 573 F.Supp. 1245 (D.Conn.1983), and *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir.1984), copies of which are attached hereto for ease of reference." To this statement shall be attached the following material: (a) a copy of the opinion of this court published at 573 F.Supp. 1245 (D.Conn.1983), with all appendices; (b) a copy of the opinion of the Court of Appeals in *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir.1984), with all appendices; and (c) a copy of this order, *In re Martin-Trigona*, 592 F.Supp. 1566 (D.Conn.1984), with appendices.

## VII. *Lawsuits, Actions, Proceedings, Investigations, or Matters Anywhere Against Persons or Entities That Have Encountered Martin-Trigona in the Bankruptcy Court or the District Court for the District of Connecticut or the Court of Appeals for the Second Circuit, or Against Their Associates*

Subject to the limitations stated in section XIV, *infra*, Anthony R. Martin-Trigo-

na is hereby permanently enjoined from commencing or purporting to commence or attempting to initiate any lawsuit, action, proceeding, investigation or matter of any kind in any forum or tribunal (judicial or administrative, federal, state, or local, including professional disciplinary and grievance committees) without leave of this court, against any person or entity that has encountered him in any capacity, or that has had any connection with litigation involving him in any way, in the United States Bankruptcy Court for the District of Connecticut, the United States District Court for the District of Connecticut, or in the United States Court of Appeals for the Second Circuit—including, *but not limited to:* (a) judicial officers or other personnel of the Judicial Branch of Government, *e.g.*, judges, magistrates, consultants, referees, special masters, law clerks, clerks, deputy clerks, court reporters, secretaries, guards, probation officers, and all others who have been or are employed directly or indirectly by the United States Courts; (b) past and present personnel of other branches of the United States Government who perform functions related to the operations of the federal courts or pursuant to court order, including, but not limited to, the United States Marshal's Service and the Federal Bureau of Prisons; (c) state authorities and their employees, past or present, who may hold persons in custody pursuant to arrangements with the United States Marshal's Service or the Federal Bureau of Prisons; (d) counsel, *e.g.*, attorneys who have represented Martin-Trigona from time to time, attorneys for his adversaries, prosecutors, and attorneys for any persons enumerated in this section; (e) other litigants, *e.g.*, persons or entities who have been Martin-Trigona's adversaries in past proceedings; (f) persons on the panel of bankruptcy trustees for the District of Connecticut, their counsel, bonding companies, and other sureties; (g) bail bondsmen; and (g) any relative (by blood, marriage, or adoption), friend, associate, associated entity, estate, employer, employee, agent, principal, attorney, insurer, bonding company, or surety of such person or entity.

Martin-Trigona has targeted persons and entities to be victims of his assault by litigation because of their relationships, however tenuous, to persons or entities he has encountered in litigation. Accordingly, the term "relative" in this order shall mean past or present relative; and the other categories of persons and entities enumerated herein (such as employer, attorney, insurer, *etc.*) shall be construed to encompass persons and entities formerly or presently in those categories or who will be encompassed by them in the future.

VIII. *Lawsuits, Actions, Proceedings, or Matters Anywhere Against Property of Persons or Entities That Have Encountered Martin-Trigona in the Bankruptcy Court or the District Court for the District of Connecticut or the Court of Appeals for the Second Circuit, or of Their Associates; Notices of Lis Pendens; Notices of Liens*

Anthony R. Martin-Trigona is hereby permanently enjoined from commencing or purporting to commence any action or proceeding of any kind, anywhere, without leave of this court, against the property or interests of any person or entity (as defined in section VII, *supra*) that has encountered him in any capacity (or has had any connection with litigation involving him in any way) in the United States Bankruptcy Court for the District of Connecticut, the United States District Court for the District of Connecticut, or the United States Court of Appeals for the Second Circuit, or against the property or interests of a relative (by blood, marriage, or adoption), friend, associate, associated entity, estate, employer, employee, agent, principal, attorney, insurer, bonding company, or surety of such person or entity, including but not limited to: (a) *in rem* actions in any federal, state, or local court or agency in the United States; (b) the filing in any land records anywhere, or service upon anyone, or publication anywhere, of a notice of *lis pendens*; or (c) the filing anywhere, or service upon anyone, or publication anywhere, of any document purporting to establish or give notice of a lien or claim of any kind.

IX. *Actions Affecting or Purporting to Affect Persons, Property, Credit Ratings, Insurance, etc., of Persons or Entities That Have Encountered Martin-Trigona in the Bankruptcy Court or the District Court for the District of Connecticut or the Court of Appeals for the Second Circuit, or of Their Associates*

Anthony R. Martin-Trigona is hereby prohibited from taking any action, without leave of this court, purporting or attempting to affect the persons, property, employment, insurance coverage, bonding, credit rating, family, or other interests of any person or entity (as defined in section VII, *supra*) that has encountered him in any capacity (or has had any connection with litigation involving him) in the United States Bankruptcy Court for the District of Connecticut, the United States District Court for the District of Connecticut, or the United States Court of Appeals for the Second Circuit, or purporting or attempting to affect the person, property, employment, insurance coverage, bonding, credit rating, family, or other interests of any relative (by blood, marriage, or adoption), friend, associate, estate, associated entity, employer, employee, agent, principal, attorney, insurer, bonding company, or surety of such person or entity.

X. *Persons Acting in Concert with Anthony R. Martin-Trigona Fully Bound by the Terms of This Order*

All provisions of this order that personally apply to Anthony R. Martin-Trigona shall apply equally to persons or entities acting at his behest, at his direction or instigation, or in concert with him.

XI. *Failure to Honor Terms of This Order Punishable by Contempt*

Failure to honor the terms of this order shall subject Anthony R. Martin-Trigona, and any person or entity acting at his behest, at his direction or instigation, or in concert with him, to applicable penalties for contempt of court, including fine or imprisonment or both.

## XII. *Leave to File—Time Limit and Separate Certification*

(i) If Anthony R. Martin-Trigona is granted leave to file any document or paper in any lawsuit, action, proceeding, or matter under any section of this order, he shall take the actions required to file such document or paper within ten (10) days of the granting of such leave to file, and his failure to do so shall be sufficient grounds for a refusal by the relevant forum to accept such document or paper.

(ii) Each separate paper or document that Martin-Trigona is granted leave to file under any section of this order shall have attached to it a proper certification of service.

## XIII. *Service of Documents*

Anthony R. Martin-Trigona is hereby permanently enjoined from serving upon any person, natural or legal, or any other entity, any document, summons, subpoena, motion, affidavit, declaration, or other paper purporting to be served in connection with any lawsuit, action, proceeding, or matter brought in any federal court, agency, tribunal, or forum of the United States unless such a lawsuit, action, proceeding, or matter has in fact been commenced in a federal court, agency, tribunal, or forum, the identity of which is apparent on the face of the paper, *and* unless the document, summons, subpoena, motion, affidavit, declaration, or other paper is timely and properly filed with the court, agency, tribunal, or forum indicated thereon in compliance with the requirements of the preceding sections of this order.

## XIV. *Limitations*

This order is entered with the following limitations:

(i) Nothing in this order shall be construed as having any effect on Anthony R. Martin-Trigona's ability to defend himself in any criminal action brought against him.

(ii) Nothing in this order shall be construed as denying Martin-Trigona access to the courts through filing of a petition for a writ of *habeas corpus*, provided, however, that the relief sought in any such petition on its face concerns only the legality of his incarceration or the conditions of his confinement.

(iii) Nothing in this order shall be construed to prohibit Martin-Trigona or anyone acting on his behalf from filing complaints under 28 U.S.C. § 372(c), provided, however, that nothing in this order, and nothing in this subsection in particular, shall be construed as intimating any view on the constitutionality of 28 U.S.C. § 372. *See, e.g.,* Rule § 0.24, Complaints With Respect to the Conduct of Judges, Rules of the United States Court of Appeals for the Second Circuit (Nov.1983) (identical disclaimer by the Judicial Council of the United States Court of Appeals for the Second Circuit).

## XV. *Complaints of Violations of This Order and Reports by United States Attorney*

Any person believing that he or she has information sufficient to form the basis of a complaint that Anthony R. Martin-Trigona or any person or entity acting, purporting to act, or apparently acting on his behalf or in concert with him, has violated any provision of this order shall make such complaint in writing to the United States Attorney for the District of Connecticut, United States Courthouse, 450 Main Street, Hartford, Connecticut 06103, with a copy sent directly to the Office of the Clerk of this court at the same address. The United States Attorney shall reply in writing to the complainant within thirty (30) days of the receipt of any such complaint concerning the action, if any, that the United States Attorney intends to take with respect thereto, and a copy of such reply shall be filed with this court. The Clerk shall convey copies of these filings in the normal course to the undersigned or to any other judicial officer to whom this matter is assigned. Following the required response of the United States Attorney to a complaint, the complainant may apply to this court under applicable law, *see, e.g.,* Rule 42(b), Fed.R.Crim.P., for the appointment of an attorney to prosecute the alleged violation of this order.

## XVI. *Service of This Order*

The United States Marshal's Service shall serve Anthony R. Martin-Trigona personally with a copy of this order at the place of his current incarceration for civil contempt of court, pursuant to an order of this court (which order has been affirmed by the Court of Appeals, *see In re Martin-Trigona,* 732 F.2d 170 (2d Cir.1984); *In re Martin-Trigona,* No. 84–5018 (2d Cir. Apr. 25, 1984) [unpublished order]).

The United States Marshal's Service shall also serve this order on the following persons who appear, from the extensive record of these cases, to have collaborated closely with Martin-Trigona from time to time with respect to matters brought to the attention of the court:

> Professor John H. Banzhaf, III
> George Washington University
> National Law Center
> 720 20th Street, N.W.
> Washington, D.C. 20052
> Mr. Howard J. Kotlicky
> 1030 North State Street
> Chicago, Illinois 60610
> Dr. Helen Martin-Trigona
> 1905 Westfield Street
> Alexandria, Virginia 22308
> Joel Stern, Esq.
> Stern, Fixler & Wiener
> 950 Third Avenue
> New York, New York 10022
> Edward Kenneth Suskin, Esq.
> Post Office Box 833
> Libertyville, Illinois 60048
> Paul Taylor, Esq.
> Post Office Box 7146
> New York, New York 10150
> Ms. Lyn Clout
> Ms. Vera Jean Luttrell
> Mr. Charles Wolske
> Ms. Donna Wolske

*See* Section X, *supra.* Service upon these persons shall be personal service (to the extent practicable) or by Express Mail only deliverable to the addressee.

The Clerk shall send copies of this order to all other persons on the Master Service List.

## XVII. Vacatur *of Prior Injunctions and Inconsistent Orders*

Upon the entry of this order, this court's Order of Permanent Injunction (entered June 23, 1983) and its Supplemental Order of Preliminary Injunction (entered June 20, 1984) shall be vacated. Other orders of this court dealing with the subjects treated herein shall also be vacated to the extent that they are inconsistent with this order.

It is so ordered.

### APPENDIX A

### AFFIDAVIT IN CONNECTION WITH PERMANENT INJUNCTION

I, Richard Belford, being duly sworn, depose and say:

1. I am the Trustee of the estate of Anthony R. Martin-Trigona, in bankruptcy, presently pending before this Court.

2. I am making this Affidavit in connection with the permanent injunction in connection with this case.

3. Since my appointment as Trustee of this estate Anthony R. Martin-Trigona has taken certain actions relating to me which I find annoying and vexatious, and which are in my opinion without any merit. I will set these forth below.

4. Mr. Martin-Trigona has sued me on six occasions as follows:

(a) In July, 1981 he brought an action against me in the United States District Court for the Western District of Missouri. I believe that he was at that time incarcerated in that area, so he brought the action where he was located. Obviously I did not have any contact in that jurisdiction. Ultimately that was dismissed on procedural grounds.

(b) In June, 1982 Mr. Martin-Trigona sued me in the Supreme Court of the State of New York both individually and as executor of the estate of my late father, Jacob Belford. My father's widow, my brother, and various banks where my father had accounts were also named as parties defendant. Ultimately this case was dismissed on jurisdictional grounds. It should

be noted that my father passed away two weeks before I was appointed Trustee of this bankruptcy estate. I had never heard of Mr. Martin-Trigona during my father's lifetime. I am confident that my father never heard of Mr. Martin-Trigona. My father's widow and my brother advise me that they had never heard of Mr. Martin-Trigona. Nevertheless he claims that my father (who died before I was appointed Trustee of this bankruptcy estate), Judge Shiff, Judge Shiff's father and I conspired to defraud him.

(c) In August, 1982 Mr. Martin-Trigona brought another action against me, this time in the United States District Court for the Southern District of New York. My co-defendants in this case were the attorneys who represented me in the earlier action referred to in subparagraph (b) above, my insurance carrier, designated by Mr. Martin-Trigona as "John Doe Insurance Company", my father's widow, and my brother. This case was dismissed on the merits.

(d) In April, 1983 Mr. Martin-Trigona sued me in the United States District Court for the District of Connecticut. This is the case designated in the caption of this Affidavit as Anthony R. Martin-Trigona vs. Harold Lavien, et al, and bearing No. H 83–305. This is one of the cases in which Your Honor's injunction has entered.

(e) Also in April, 1983 Mr. Martin-Trigona sued me in the United States District Court for the District of Connecticut. This is the case designated in the caption of this Affidavit as Anthony R. Martin-Trigona vs. William French Smith et al, and bearing No. H 83–322. The injunction issued by Your Honor also applies in this case.

(f) In June, 1983 Mr. Martin-Trigona sued me in the Supreme Court of the State of New York. My co-defendants include Susan Cabranes, Your Honor, and various attorneys and Trustees.

5. In November, 1982 Mr. Martin-Trigona sent a letter to the Internal Revenue Service asking them to investigate the estate of my late father, my former partner Richard Coan, and me for income tax evasion and fraud. I am not aware of any action or investigation being taken by I.R.S. in connection with Mr. Martin-Trigona's suggestion.

6. Thereafter Mr. Martin-Trigona filed an Application for Reward for Original Information with the I.R.S. seeking to obtain a reward for having turned over information concerning my father's estate, Attorney Coan, and me. He then moved to intervene as a party to the probate proceedings involving the estate of my late father, basing his intervention on the fact that he has now become an I.R.S. informant.

7. Mr. Martin-Trigona has also filed a claim in the Probate Court in connection with my father's estate, and he has filed various appeals in the Superior Court of Connecticut in connection with orders which the Probate Court has entered in connection with my father's estate. There were two such appeals, one of which related to an order with which he was not even tangentially involved. Both appeals have been dismissed on procedural grounds.

8. In December, 1981 Mr. Martin-Trigona filed a Complaint against me with the Grievance Committee of the New Haven County Bar. The Grievance Committee dismissed his Complaint on the merits.

9. During the course of the administration of my father's estate (of which I am Executor) I had occasion to sell the house formerly occupied by my father as his residence. I subsequently learned that Mr. Martin-Trigona sent to the purchasers an instrument designated "Notice of Lis Pendens." The purchasers, of course, were upset over this.

10. In May, 1982 Mr. Martin-Trigona wrote a letter to the Display Advertising Manager of the New Haven Register/Journal Courier stating that he planned to run advertisements advising the public that certain lawyers, namely, the law firms of Coan, Lewendon & Royston and Richard Belford are thieves operating in the Federal Bankruptcy Courts. I have not seen any such advertisements in print.

11. In May, 1982 Mr. Martin-Trigona wrote to Mr. Coan, Mr. Meister, Mr. Perl-

mutter, and me threatening that his mother, Dr. Helen Martin-Trigona proposes to file suit against us personally, our law firms, and the estate of my late father, in a Virginia court.

12. In January, 1984 Mr. Martin-Trigona made a claim against Safeco Insurance Company initially against Daniel Meister and me, but later against all Trustees in Connecticut (in the Bridgeport Bankruptcy Court and the Hartford Bankruptcy Court). Safeco is the company that issues the blanket bonds for the Trustees.

13. While the personal and corporate bankruptcies were pending before the United States Bankruptcy Court in Hartford, and shortly before they were removed to the United States District Court, there was a hearing scheduled in the Bankruptcy Court. Before Court was opened and *in the courtroom itself* Mr. Martin-Trigona handed to a number of us, including me, a swastika and a Star of David. I am attaching xerox copies of them to this Affidavit. (These xerox copies are a little more subdued than the originals which are bolder.) A short time later, also in the Courtroom but before Court was opened, Mr. Martin-Trigona berated me in a loud voice, and when I did not respond he then hurled anti-semitic epithets at me. It is difficult to describe the emotional impact of this, but, suffice it to say, my heart literally pounded. I left the Courtroom and asked the marshals (who were in the hallway) to stop him from doing this. When they entered the Courtroom he did not continue it. However, when they left the Courtroom, he did it again, so I had to once again request the marshals to intervene.

I am submitting this Affidavit for the Court's information.

Dated at New Haven, Connecticut, this 18th day of July, 1984.

/s/ Richard Belford
Trustee of the Estate of Anthony R. Martin-Trigona

Subscribed and sworn to this 18th day of July, 1984, before me.

/s/ Eileen Grinder
Commissioner of the Superior
Court for New Haven County

July 18, 1984

I hereby certify that I am this day mailing a copy of this Affidavit in Connection with Permanent Injunction, postage prepaid, to all persons on the Master Service List, a copy of which is attached hereto, as well as an additional copy to Anthony R. Martin-Trigona addressed to him at the Federal Correctional Institution, Danbury, Connecticut 06810.

/s/ Richard Belford
Trustee of the Estate of
Anthony R. Martin-Trigona

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
MASTER SERVICE LIST OF
CASES PENDING RE:
ANTHONY R. MARTIN–TRIGONA

Anthony R. Martin-Trigona
P.O. Box 2002
Rockefeller Center Station
New York, N.Y. 10185

Anthony R. Martin-Trigona
1905 Westfield
Alexandria, Virginia 22308

William Sanders, Esq.
D'Amato & Lynch
70 Pine Street
New York, N.Y. 10270

Irving H. Perlmutter, Esq.
Ullman, Perlmutter & Sklaver
P.O. Box 514
195 Church Street
New Haven, Ct. 06503

Daniel Meister, Esq.
71 East Avenue
Norwalk, Ct. 06852

Richard Coan, Esq.
Coan, Lewendon & Royston
18 Trumbull Street
New Haven, Ct. 06511

Francis J. Wynne, Esq.
Mark W. Baranas, Esq.
37 Lewis Street
Hartford, Ct. 06103

M. Hatcher Norris, Esq.
30 Hebron Avenue
Glastonbury, Ct. 06033

Joram Hirsch, Esq.
Cohen & Wolf
1115 Broad Street
P.O. Box 1821
Bridgeport, Ct. 06601

Richard Belford, Esq.
770 Chapel Street
New Haven, Ct. 06510

Paul Taylor, Esq.
P.O. Box 7146 FDR Station
New York, New York 10150

John R. Williams, Esq.
265 Church Street
New Haven, Ct. 06510

Gordon Hatheway, Esq.
Pierson, Ball & Dowd
Suite 1000
1200 18th Street, N.W.
Washington, D.C. 10036

Thomas V. Urmy, Jr., Esq.
Warner & Stackpole
28 State Street
Boston, Mass. 02109

John Schneider, Esq.
Laura L. Carroll, Esq.
Goodwin, Proctor & Hoar
23 State Street
Boston, Mass. 021·9

W. Philip Jones, Esq.
Department of Justice
P.O. Box 888
Ben Franklin Station
Washington, D.C. 20535

Albert Dabrowski, Esq.
Office of U.S. Attorney
450 Main Street
Hartford, Ct. 06103

Kenneth Miller, Esq.
Robson, Miller Osserman
280 Park Avenue
New York, N.Y. 10017

## APPENDIX B

## AFFIDAVIT

City of Washington )
) ss.
District of Columbia )

1. My name is Gordon W. Hatheway, Jr. I am a member of the District of Columbia Bar and a member of the District of Columbia law firm of Pierson, Ball & Dowd, whose offices are located at Suite 1000, 1200 18th Street, N.W., Washington, D.C. 20036.

2. This affidavit is made and filed for such purposes as the Court may choose to make of it in considering any order the Court may issue in response to the mandate of the Court of Appeals for the Second Circuit with respect to this Court's earlier June, 1983 Order and Injunction.

3. The participation of Pierson, Ball & Dowd in these proceedings before this Court was brought about by the filing of various lawsuits by Anthony R. Martin-Trigona against the firm, its members, and certain of its present and former employees.

4. Our first contact with Mr. Martin-Trigona occurred when in 1980 this firm was retained by the trustee in bankruptcy of a corporation controlled by Mr. Martin-Trigona that had as its principal asset a Federal Communications Commission radio broadcast license for a radio station located in the Boston, Massachusetts area. We were retained by counsel for the trustee for the purpose of filing a pro forma petition and notice with the Federal Communications Commission that, in effect, called the Commission's attention to the fact of the bankruptcy and requested the Commission, as required by the Commission's rules, to transfer the license from the bankrupt estate to the trustee. Such proceedings are matters of routine that are required simply to permit the Commission's records to accurately reflect that the license it issued, which is an asset of a bankrupt estate, has been transferred along with all other assets of that estate to a new party, in this case the trustee. Subsequently, this firm also was retained by counsel to the trustee to prosecute the trustee's application to transfer the license to a new purchaser, which was approved by the Commission and by the bankruptcy court.

5. Because of our firm's participation in this routine matter, on September 3, 1982, Mr. Martin-Trigona filed an action against the firm and its members in the United States District Court for the Southern District of New York (*Martin-Trigona v. Pierson, Ball & Dowd, et al.,* Civil Action No. 82–CIV–5923). This action alleged generally that this firm fraudulently and illegally had conspired with the bankruptcy trustee in Boston to the end that Mr. Martin-Trigona's property would be taken from him unlawfully.

6. On the same date, Mr. Martin-Trigona also filed Notices of Lis Pendens against the real property of all of the individual defendants that might be located in the Washington, D.C. metropolitan area. On several occasions these filings adversely affected wholly innocent third parties. For example, Mr. Martin-Trigona filed his notices listing only the first and last name of the individual defendants. In addition, he filed these notices against all persons having that first and last name, whether or not they may have been a member or an employee of this firm. Finally, he did not particularize the property against which he was filing the notices.

7. This had the effect of placing liens against the real property of persons whose only crime was to have the same first and last name as one of the fifty-four named individual defendants. On at least three occasions, this firm received notice that such innocent third persons had sought to transfer or encumber real property which was otherwise lien-free, only to find out that Mr. Martin-Trigona's wrongly placed Notices of Lis Pendens prevented such a transfer or encumbrance absent an expensive and time-consuming proceeding in a court of appropriate jurisdiction.

8. On a number of occasions attorneys from this firm were required either to deal with counsel representing such innocent third parties or, on more than one occasion, to go into court to seek the release from the notices. On February 24, 1984, I wrote to Mr. Martin-Trigona, requesting that he release the notices because, by that date, not only were his notices improperly filed in the first instance, but his complaint had been dismissed, an appeal from that dismissal had been denied, and that order had become final. Accordingly, for the purposes of protecting against further adverse consequences to innocent third persons, Mr. Martin-Trigona was requested to release the Notices of Lis Pendens. A copy of my letter to Mr. Martin-Trigona is appended hereto as Exhibit A.

9. Mr. Martin-Trigona responded to my letter on February 28, 1984. A copy of that letter is appended hereto as Exhibit B. By his letter, Mr. Martin-Trigona refused to take any action to release the notices. Indeed, he indicated that he intended to file

additional liens; specifically, he rejected my request that innocent third persons be protected and he also reversed an earlier position he had taken and now insisted on suing uninvolved associates of this firm, as well as its partners.

10. Because of Mr. Martin-Trigona's refusal, this firm was required to file an action to seek the release of all remaining notices and that action was successful.

11. Subsequent to the dismissal by the United States District Court for the Southern District of New York, the affirmance by the United States Court of Appeals for the Second Circuit, and the imposition of this Court's June, 1983 Order and Injunction, Mr. Martin-Trigona filed virtually the same complaint against this firm, its members, and certain of its employees in the United States District Court for the District of Columbia as had been dismissed in the New York action. For this conduct, Mr. Martin-Trigona was held in criminal contempt by this Court in November, 1983. Mr. Martin-Trigona has not been given permission by the United States District Court for the District of Columbia to serve his complaint, although he argued to that court that he should be permitted to do so without having to comply with the terms and conditions set forth in this Court's June, 1983 Order and Injunction. It is as to this now-pending action that Mr. Martin-Trigona asserts he intends to file additional notices of lis pendens against the members and employees of this firm. In addition, one Paul Taylor, purporting to be representing the corporation which formerly held the license to the Boston radio station, sought leave to file in the United States District Court for the District of Columbia against this firm, its members, and certain of its employees a complaint identical to· that filed by Mr. Martin-Trigona in the same court against the same parties. Such leave to file was denied by an order which required that Mr. Taylor seek the leave of this Court to file such an action.

12. Mr. Martin-Trigona's letter, which is attached as Exhibit B, is but one of many letters members of this firm have received from him over the course of the last two years. In tone as well as specific language, this particular letter is relatively tame. Mr. Martin-Trigona typically goes out of his way in his written communications to insult and castigate whomever may be his addressee of the moment—in this case, members of this firm. We admit, however, that we have not been subject to the type of vitriolic attack on religious, ethnic, or other irrational grounds that other members of the legal profession, especially in Connecticut, have been subjected to. Nevertheless, such correspondence, especially when accompanied by litigation, may become part of a public record and, in any event, such matters must be referred to our insurers and, no matter how ill-founded Mr. Martin-Trigona's letters and pleadings may be, the truth frequently takes too long to catch up with the lie and this firm and its members are prejudiced thereby.

/s/ Gordon W. Hatheway, Jr.
Gordon W. Hatheway, Jr.

Subscribed and sworn to before me this 26th day of July, 1984.

/s/ Lisa M. Ellis
Notary Public
My Commission Expires January 14, 1988

## Exhibit A

PIERSON, BALL & DOWD

ATTORNEYS AT LAW

1200 18th STREET N.W.

WASHINGTON, D.C. 20036

February 24, 1984

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mr. Anthony R. Martin-Trigona
Post Office Box 2002
New York, New York 10185

Dear Mr. Martin-Trigona:

When you filed your action in the Southern District of New York against this firm and certain of its attorneys, you also filed *lis pendens* notices in various local jurisdictions against real property owned by any defendant. Because of the irresponsible manner in which you caused these notices to be filed, the property of associates and former associates of this firm has been

adversely affected as well as that of individuals having no relation whatsoever with this firm but who happen to have the same first and last names as an attorney named as a defendant by you.

Not only have you filed notices of *lis pendens* in such a manner, you have permitted those notices to remain unreleased notwithstanding your subsequent knowledge as to what attorneys were associates (Hatheway Affidavit ¶¶ 5–8 attached to Defendants' Motion to Dismiss filed Sept. 30, 1982), the fact that innocent third parties having similar names were being affected (*In re Anthony R. Martin-Trigona*, Misc. Civ. No. H 83–62, U.S.D.C.D.Ct., Hatheway Affidavit ¶ 14 (July 29, 1983)), and the fact that your complaint was dismissed, your appeal denied, and the case finally and conclusively resolved against you as long ago as May 26, 1983.

Because of your disregard for the rights of others, innocent persons continue to be damaged. Most recently, a former associate of this firm also named by you in your complaint discovered that he could not conclude a transaction respecting real estate he owned in Alexandria, Virginia because of your filing. We are advised by the court in Alexandria that the *lis pendens* may be released only pursuant to a judgment in a separate suit against you seeking such relief or by your execution of the enclosed Release.

Because the latter is by far the faster means of obtaining the necessary relief, we demand that you execute the enclosed release, have your signature notarized as provided, and return the same to me forthwith so that it may be filed promptly. We further demand that you forthwith communicate as necessary with all courts having proper jurisdiction of any other similar notices you have filed and release same.

> Very truly yours,
> PIERSON, BALL & DOWD
> /s/ Gordon W. Hatheway, Jr.
> Gordon W. Hatheway, Jr.

GWH:blc

Enclosure

cc: Mr. Anthony R. Martin-Trigona

1905 Westfield
Alexandria, Virginia 22308
(By Certified Mail)

Exhibit B
Anthony R. Martin-Trigona
P.O. Box 2002
New York, New York 10085

February 28, 1984

Gordon Hatheway, Jr.
Pierson Ball & Dowd
1200 18th Street, NW
Washington, DC 20036

Dear Mr. Hatheway:

This will respond to your letter of February 24, 1984.

Your request is rejected *in toto.*

Your claims that "innocent third parties" have been injured is strage [sic] unless you represent them. What basis do you have for this claim. If they have been injured, they should contact me directly, and not deal through a crook like you. I do not believe a word you say.

Second, if you want to sue me, go ahead. I will take appropriate measures to protect my interests[.] If filed in the state courts, I may remove it to the federal courts. Moreover, if you sue me, this will give me a chance to counterclaim and raise my claims against you and your law firm, which claims I have been temporarily blocked from prosecuting by the actions of Crazy Joey in Connecticut. Thus, I *invite* you to sue me, because you will open the door to my suing you in return without having to secure leave of court to proceed. Be my guest.

Third, the relief you seek is futile. I am shortly going to record *lis pendens* notices from the District of Columbia case, and you will have the same problem until that case is resolved by Judge Green.

I suggest that the only way your law firm is going to be rid of me is to (a) return the stolen money you received last August from Ferrari; (b) resign as trustee counsel and (c) waive any compensation and (d) pay me for my losses as well, as part of an overall settlement. Short of that, we are in bed together until the U.S. Supreme Court rules on the various law suits among and between us.

Your law firm acted corruptly, and will be brought to justice before the bench of justice because of its corruption. The case before Judge Green is still pending, and presents another opportunity to lodge lis pendens notices, which is precisely what I propose to do.

Indeed, should the Crazy Joey injunction be modified, Judge Green's permission will not be needed to proceed, and the case will be before her. Perhaps I should have recorded my lis pendens notices sooner; perhaps not. But you are stuck with my claims until they are either settled or resolved in a court of last resort, which looks like a long way off.

Finally, I view the old lis pendens notices as viable; the court only ruled on venue. I refiled in a court of proper venue. While I might amend the original lis pendens notices, they are still viable public notices of my claims against you, your law firm, and others. You also claim that associates should be dismissed. That was my old position. I gave you a chance to let them out of the case *before* it was filed and you ignored the chance. I think that they may

as well stay in. They are all part of the same crooked law firm, and should be liable.

You are free not to settle, and to obstruct the administration of justice, as you have done. But history teaches that (a) I am a very patient, very plodding, very persistent person where my rights have been violated and (b) while I usually lose before trial judges, I often win cases on appeal. In my opinion, you and you [sic] law firm are nuts to let my claims against you pend and go on, because in the end you are going to be liable for a very substantial amount of money. Nevertheless, this is a free country, and you do as you feel you must, and I will do likewise.

Your obediant servant,
/s/ AMT
Anthony R. Martin-Trigona

ARMT:sp