840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony R. MARTIN-TRIGONA, Plaintiff-Appellant,
v.
PUBLIC BROADCASTING SERVICE; Southern Educational
Communications Association; William Buckley; Community TV
of Southern California; KOED, Inc.; Greater Washington
Educational Telecommunications Association, Inc.; Atlanta
Board of Education; Chicago Educational TV Association;
Iowa Public Broadcasting Board; WGBH Educational
Foundation; University of New Hampshire; Educational
Broadcasting Corp.; University of Houston, Defendants-Appellees.
 No. 87-3719.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 30, 1987.
Decided: Feb. 8, 1988.
 
 Anthony R. Martin-Trigona, appellant pro se.
 Steven R. Miles, Arent, Fox, Kintner, Plotkin & Kahn, for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony R. Martin-Trigona filed this pro se action pursuant to 28 U.S.C. Secs. 1331 and 1343 seeking monetary damages and injunctive relief against several media defendants and their licensees. Martin-Trigona sought to enjoin the airing of a debate by certain democratic candidates for President of the United States to be televised on July 1, 1987, over the publicly funded Public Broadcasting Service. He asserted that use of federal funds to televise a debate which excluded himself and other similarly situated qualified candidates constituted a violation of equal protection and the first amendment. Martin-Trigona also sought monetary damages and other appropriate relief in the event that the program aired without the issuance of an injunction.
 
 
 2
 The district court, citing Martin-Trigona's failure to comply with an injunction against litigation in federal fora entered against Martin-Trigona by the United States District Court for the District of Connecticut, granted a motion to dismiss filed by the defendants. We affirm.
 
 
 3
 The court in In re Martin-Trigona, 592 F.Supp. 1566, 1571-72 (D.Conn.1984), aff'd, 763 F.2d 140 (2d Cir.1985), cert. denied, 474 U.S. 1061 (1986), citing Martin-Trigona's well documented history of abusing the litigation process by filing vexatious and harassing lawsuits, issued an injunction requiring (inter alia ) that, prior to filing an action in a federal court, Martin-Trigona (1) obtain leave to file by a motion in the forum court; (2) attach to the motion a copy of the original injunction printed in In re Martin-Trigona, 573 F.Supp. 1245 (D.Conn.1983) with appendices; (3) attach to the motion a copy of the decision of the Court of Appeals for the Second Circuit vacating the original injunction in part, printed in In re Martin-Trigona, 737 F.2d 1254 (2d Cir.1984) with appendices; (4) attach to the motion a copy of the instant injunction; (5) submit a declaration as to whether the claim he wishes to present has been previously raised in another forum; (6) attach to the motion a list of previously filed actions against any of the defendants in the present suit; (7) attach to the motion copies of the documents purporting to commence such previous actions and certified records of the dispositions of those actions; and (8) serve upon each defendant, after leave to file has been obtained, copies of the documents required in (1)-(4). The injunction, by its terms, gives a federal court the discretion to deny leave to file or to dismiss an action filed by Martin-Trigona if he fails to comply with the above cited requirements. In re Martin-Trigona, 592 F.Supp. at 1572.
 
 
 4
 The injunction does not completely bar Martin-Trigona's access to federal court; it merely attaches certain reasonable and not unduly burdensome conditions on filing a federal action. The injunction does not preclude a federal district court from hearing an action filed by Martin-Trigona. Instead, a district court is given the discretion to deny a motion for leave to file or to dismiss an action filed by Martin-Trigona if he fails to comply with the terms of the injunction.
 
 
 5
 Martin-Trigona was given notice and an opportunity to be heard regarding both the original injunction and the present injunction. Since the requirements attached to filing a suit in federal court are explicit and reasonable in light of Martin-Trigona's history of abusing the litigation process, we consider the injunction a valid exercise of the discretionary authority vested in district courts. U.S.C.A. Const. Art. 3, Sec. 1 et seq.; 28 U.S.C. Sec. 1651(a); Fed.R.Civ.P. 65.
 
 
 6
 Martin-Trigona complied with none of the injunction's requirements for initiating an action in federal district court. He has not shown that the injunction has been modified, nor has he demonstrated that he obtained an exemption from the injunction's requirements for the purposes of the present litigation. Therefore, we conclude that the district court acted within its discretion in dismissing Martin-Trigona's suit.
 
 
 7
 We grant Martin-Trigona's "Motion to Permit Taking of Judicial Notice." Martin-Trigona has also filed a motion to expedite the appeal and oral argument. We deny the motion to expedite and dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.
 
 
 8
 AFFIRMED.