**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand seventeen.

PRESENT:
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

---

**In re: Lawrence Frumusa,**[*]

  *Plaintiff-Appellant,*  **No. 16-3095**

---

FOR APPELLANT:  Lawrence Frumusa, *pro se*, Walworth, New York.

---

Appeal from an order of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

---

[*] The Clerk is respectfully directed to amend the caption as indicated.

1

Appellant Lawrence Frumusa, proceeding *pro se*, appeals from an order denying leave to appeal a bankruptcy court's final decree. By a 2010 order, Frumusa was enjoined from filing in the District Court for the Western District of New York without first obtaining the court's authorization. The district court denied leave, finding that Frumusa had not sought its prior approval before filing and that the proposed appeal would be frivolous. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Denial of leave to file, pursuant to a sanction, is analogous to failure to obey a district court order. *See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). Furthermore, we have previously approved a district court's application of a leave-to-file sanction in the context of an appeal from the bankruptcy court. *See In re Martin-Trigona*, 592 F. Supp. 1566, 1571 (D. Conn. 1984) (enjoining the plaintiff from filing an appeal from the bankruptcy court without first seeking leave to file from the district court), *aff'd*, 763 F.2d 140,141 (2d Cir. 1985). The district court's 2010 order applied to Frumusa's proposed appeal from the bankruptcy court's final decree. Frumusa argues that the order bars only "new actions." But the order directs the Clerk of Court for the Western District of New York "not to accept any proposed filings from Lawrence Fumusa [sic], unless the Court authorizes such by written order." Frumusa's proposed appeal, moreover, was consistent with his prior history of vexatious litigation in the Western District of New York.

We have considered all of Frumusa's arguments and find them to be without

merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
