**Emmett M. CLARK et al.,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 78–1472.

United States Court of Appeals,
Seventh Circuit.

Heard Jan. 24, 1979.

Decided April 19, 1979.

Richard T. Cubbage, Evanston, Ill., for plaintiffs-appellants.

Daniel C. Murray, Asst. U. S. Atty., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Circuit Judge, MARKEY, Judge,* and TONE, Circuit Judge.

* The Honorable Howard Thomas Markey, Chief Judge of the U.S. Court of Customs & Patent Appeals, is sitting by designation.

PER CURIAM.

Plaintiffs are five pensioners who assert that 5 U.S.C. § 8340 (which provides for cost-of-living adjustments of annuities payable from the Civil Service Retirement and Disability Fund) and other federal statutes provide increased payments to pensioned persons who once worked for the federal government in order to offset increases in the Consumers Price Index. They claim that these statutes violate the equal protection clause embodied in the due process clause of the Fifth Amendment unless similarly increased payments are added to their private or state pensions. In addition to declaratory relief, they seek retroactive and future additional monthly payments from the United States "so that they will have the purchasing power of their pensions protected to the same extent as Congress has provided for additional payments to protect the purchasing power of other pensioners who at one time worked for the Federal government." According to the complaint, the matter in controversy exceeds $10,000.

Jurisdiction was rested on 28 U.S.C. § 1343(3) which grants district courts jurisdiction of civil actions to redress the deprivation "under color of any State law" of any right, privilege or immunity secured by the Constitution of the United States. To buttress jurisdiction the complaint also relies on 42 U.S.C. § 1983 which provides a civil action for deprivation of rights "under color of any statute * * * of any State." As Judge Will held in his memorandum opinion, 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 confer federal jurisdiction only regarding actions committed under color of state law, and this lawsuit does not involve any such action. However, the district judge held that "federal question" jur-

isdiction did lie under Section 1331(a) which gives the district courts jurisdiction of civil actions where the matter in controversy exceeds $10,000 and arises under the Constitution, laws or treaties of the United States. *Clark v. United States*, 447 F.Supp. 172, 174 (N.D.Ill.1978). We disagree that Section 1331(a) conferred district court jurisdiction of this action because plaintiffs are seeking retroactive and future additions to their pensions from the United States in excess of $10,000. Such a suit is subject to the defense of sovereign immunity [1] unless brought in the Court of Claims under the Tucker Act (28 U.S.C. §§ 1346 and 1491).

Subsequent to the oral argument, government counsel addressed a letter to the Court pursuant to our Circuit Rule 11 stating that there is a serious question whether plaintiffs' complaint should have been filed in the Court of Claims, citing *Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978). Counsel for plaintiffs filed no response to this communication.

In our view, *Cook v. Arentzen* is dispositive because plaintiffs have intermingled their prayer for declaratory relief with their prayer for damages from the United States in excess of $10,000. Since jurisdiction was improper under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 relied upon by plaintiffs and under 28 U.S.C. § 1331(a) relied upon by the district court, the only proper jurisdictional foundation is 28 U.S.C. § 1491, which confers jurisdiction of this type of lawsuit upon the Court of Claims.[2]

Plaintiffs are not seeking injunctive relief. Although they do ask for declaratory relief, that prayer is subsumed by the basis of their suit, which mandates compensation from the Federal Government for the damage sustained in violating the Fifth Amend-

---

1. See *e. g., Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 689, 69 S.Ct. 1457, 93 L.Ed. 1628. A 1976 amendment to 28 U.S.C. § 1331(a) providing that "no such sum or value [exceeding $10,000] shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity" only withdraws the defense of sovereign immunity in actions seeking relief other than money damages. See 5 U.S. Code Congressional & Admin-

istrative News, 94th Cong., 2d sess. (1976) pp. 6121, 6124, 6125, 6140.

2. In pertinent part, 28 U.S.C. § 1491 provides:
   "The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded * * * upon the Constitution * * * or for liquidated or unliquidated damages in cases not sounding in tort."

ment.[3] By awarding plaintiffs damages if they should prevail, there would be no necessity for a declaratory judgment, for plaintiffs would have won their Constitutional argument in order to succeed. To paraphrase the Fourth Circuit in *Cook:*

> To hold, as [they ask], that the joining of declaratory or injunctive relief with [their] damage claim is sustainable on the jurisdictional base of Section 1331, would expand the jurisdiction of the district courts beyond that which we think Congress intended. Indeed, in such a case as [this], to hold for [plaintiffs] would make the jurisdiction of the district court coextensive with the Court of Claims. The Tucker Act, 28 U.S.C. § 1346(a)(2), again in terms, limits the jurisdiction of the district courts on account of such claims to the maximum amount of $10,000.00, which we are without power to extend. 582 F.2d at 878.

As in *Cook,* although plaintiffs have coupled their claim for declaratory relief with their claim for damages, the proper jurisdictional base is in the Court of Claims under 28 U.S.C. § 1491 and not § 1331 or the statutes on which plaintiffs have relied. Section 1491 provides the forum in which plaintiffs may present their damage case on the merits and, if meritorious, they would automatically receive all requisite relief.

Pursuant to 28 U.S.C. § 1406(c), this case should be transferred to the Court of Claims, which has exclusive jurisdiction and power to grant the necessary relief. Therefore, without our passing on the merits of plaintiffs' action,[4] the judgment appealed from is vacated and the cause is remanded to the district court with directions to transfer the case to the Court of Claims.

Vacated and remanded with directions.

---

3. Such a suit is of course within the jurisdiction of the Court of Claims even though it does not have authority to issue declaratory judgments. *United States v. Testan,* 424 U.S. 392, 398, 400, 402, 96 S.Ct. 948, 47 L.Ed.2d 114.

4. *Inter alia,* the district court had held that these federal pension statutes were not unconstitutional as a denial of equal protection under the Fifth Amendment. 447 F.Supp. at 178.