**James R. SALLA, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary, Department of Health, Education & Welfare, Defendant.**

**No. 78 C 3095.**

United States District Court, N. D. Illinois, E. D.

Oct. 22, 1980.

Gerald A. Goldman, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U.S. Atty., by Martin B. Lowery, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Presently before the court is the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P.

The complaint alleges that the plaintiff was employed by the Department of Health, Education and Welfare (HEW) in

1971. In April of 1974, he was assigned to a newly created "hybrid" position in the Social Security Administration's Bureau of Health Insurance. This position was classified at the GS–14 level. After the plaintiff was assigned to this newly created "hybrid" GS–14 position, he was required by his supervisors to perform the duties of a vacant GS–15 position for over two years. The plaintiff claims that his supervisors created this "hybrid" position in order to circumvent the requirements of 5 U.S.C. § 3341[1] and HEW personnel regulations. The plaintiff claims that his assignment to the GS–14 position was, in effect, an unlawful detail, and that if proper detail procedures had been followed he would have been entitled to the higher classification and pay of the vacant GS–15 position. HEW regulations in force at the time of his assignment to this new position provided that:

> A detail of more than 60 days to a higher grade position or to a position of known promotion potential must be made under competitive promotion procedures. This requirement is not to be circumvented by a series of temporary assignments.

> Except for brief periods, an employee should not be detailed to perform work of a higher grade level unless there are compelling reasons to do so. Normally an employee should be given a temporary promotion instead.

HEW Personnel Manual, Chapter 300, Instruction 300–3, Exhibit 1. A detail was defined in the regulations as "the temporary assignment of an employee to a different position for a specific period, with the employee returning to his regular duties at the end of the detail." HEW Personnel Manual, Chapter 300, Instruction 300–3.

After performing the duties of the vacant GS–15 position for over two years, the plaintiff instituted grievance proceedings requesting a retroactive promotion to the GS–15 level and back pay. The grievance was finally denied by the Secretary on April 13, 1978 and this suit was then filed.

The plaintiff seeks review of the final administrative decision of the Secretary pursuant to 5 U.S.C. § 701 *et seq.* The complaint alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is a suit arising under 5 U.S.C. § 3341, 5 U.S.C. § 5596 (hereinafter the Back Pay Act), and regulations of the Department of Health, Education and Welfare. The relief sought by the plaintiff is a promotion to the GS–15 position, retroactive to April of 1974, with an award of all back pay differentials in an amount in excess of $19,000.00. He also seeks a correction of his employment records to reflect an appointment to the GS–15 position and an award of costs, attorney's fees, and punitive damages.

■■ Although neither party has questioned this court's jurisdiction, it is the court's duty to raise a lack of jurisdiction *sua sponte.* Rule 12(h)(3), Fed.R.Civ.P. The complaint in this case names the Secretary of the Department of Health, Education and Welfare in his official capacity as defendant and it is clear to this court that plaintiff seeks no relief from the Secretary individually. The relief requested pursuant to the Back Pay Act, 5 U.S.C. § 5596, is an order awarding $19,000 to the plaintiff. Such an award is necessarily an award against the United States. A suit against an officer of the United States is one against the United States if the decree would operate against the sovereign, *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963), or if "the judgment sought would expend itself on the public treasury or domain," *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be "to restrain the Government from acting or compel it to act." *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 704, 69 S.Ct. 1457, 1468,

---

1. 5 U.S.C. § 3341 provides that: (a) the head of an Executive department ... may detail employees among the bureaus and offices of his department, except employees who are required by law to be exclusively engaged on some specific work; (b) details under subsec-tion (a) of this section may be made only by written order of the head of the department, and may be for not more than 120 days. These details may be renewed by written order of the head of the department in each particular case for periods not exceeding 120 days.

93 L.Ed. 1628 (1949). *See Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Cook v. Arentzen*, 582 F.2d 870, 872 n.1 (4th Cir. 1978).

28 U.S.C. § 1331 does not provide this court with jurisdiction. Although by its terms this jurisdictional provision applies to suits against the United States, any agency thereof, or any officer or employee thereof in his official capacity, courts have consistently held that this jurisdictional provision does not allow the district courts to entertain claims against the United States for monetary relief in excess of $10,000. Back pay claims of federal employees in excess of $10,000 are within the exclusive jurisdiction of the Court of Claims and sovereign immunity acts as a bar to district court jurisdiction over such claims. *Polos v. United States*, 556 F.2d 903, 905 (8th Cir. 1977); *Crawford v. Cushman*, 531 F.2d 1114, 1126 n.17 (2d Cir. 1976); *Carter v. Seamans*, 411 F.2d 767, 771 (5th Cir. 1969) *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970).

The Court of Appeals in this circuit has recently held that a suit against the United States seeking a monetary award is "subject to a defense of sovereign immunity unless brought in the Court of Claims under the Tucker Act (28 U.S.C. §§ 1346 and 1491)." *Clark v. United States*, 596 F.2d 252 at 253 (7th Cir. 1979). The Court of Appeals noted that the 1976 amendment to "§ 1331(a) providing that 'no such sum or value [exceeding $10,000] shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity' only withdraws the defense of sovereign immunity in actions seeking relief other than money damages. *See* 5 U.S. Code Congressional & Administrative News, 94th Cong.2d Sess. (1976) pp. 6161, 6124, 6125, 6140." *Clark, supra*. Adopting the Fourth Circuit's view, the Seventh Circuit Court of Appeals stated that because the "plaintiffs have intermingled their prayer for declaratory relief with their prayer for damages from the United States in excess of $10,000", district court jurisdiction was not proper under § 1331(a), *Clark, supra*.

In *Clark*, the Court of Appeals relied on the Fourth Circuit's decision in *Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978). In that case a naval reserve officer sought reinstatement and back pay in the regular navy alleging that her separation from the regular navy was unconstitutional. The court held that the Tucker Act's $10,000 limitation on district court jurisdiction could not be circumvented by resorting to § 1331, either by seeking damages from an officer in his official capacity or by coupling a claim for money damages exceeding $10,000 in the form of a back pay award with a request for a declaratory judgment. *Cook v. Arentzen*, 582 F.2d at 872 n.1, 878 (4th Cir. 1978). The Court of Appeals in *Cook* relied on the legislative history of the 1976 amendment to § 1331 in holding that the deletion of the $10,000 amount in controversy requirement for suits against the federal government, federal officers and federal agencies did not affect sovereign immunity as a bar to a district court's jurisdiction to enter a judgment for damages in excess of $10,000 against the United States.

"The report of the House Judiciary Committee states:

'Congress has made great strides toward establishing monetary liability on the part of the Government for wrongs committed against its citizens by passing the Tucker Act of 1875, 28 U.S.C. sections 1346, 1491, and the Federal Tort Claims Act of 1947, 28 U.S.C. section 1346(b). S.800 would strengthen this accountability by withdrawing the defense of sovereign immunity in actions seeking relief *other than money damages* such as an injunction, declaratory judgment, or writ of mandamus. Since S.800 would be limited only to actions of this type for specific relief, *the recovery of money damages* contained in the Federal Tort Claims Act and the Tucker Act governing contract actions would be unaffected.' 1976 U.S. Code Congressional and Administrative News 94th Cong.2d Sess., Vol. 5, p. 6124–25 (Leg.Hist.).

"And again in its conclusion, the House Report states, at p. 6140:

'The partial elimination of sovereign immunity will facilitate nonstatutory judicial review of Federal administrative action without affecting the existing pattern of statutory remedies, without disturbing the established law of judicial review, without *exposing the Government to new liability for money damages,* and without upsetting Congressional judgments that a particular remedy in a given situation should be the exclusive remedy.' (emphasis added)"

*Cook v. Arentzen, supra* at 874–875.

The *Cook* court went on to reject the contention that the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.,* constituted an independent basis for district court jurisdiction. *Cook v. Arentzen, supra* at 874–875; *see Califano v. Saunders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Other courts considering this question have concluded that district courts do not have jurisdiction of actions seeking money damages in excess of $10,000 from the United States. *See Lee v. Blumenthal,* 588 F.2d 1281 (9th Cir. 1979) (Tucker Act precludes federal question and mandamus jurisdiction in the district courts over claims against the United States exceeding $10,000); *Estate of Watson v. Blumenthal,* 586 F.2d 925, 932–934 (2d Cir. 1978). (Tucker Act precludes § 1331 jurisdiction over claims against the United States in excess of $10,000); *American Science & Engineering, Inc. v. Califano,* 571 F.2d 58 (1st Cir. 1978); *Polos v. United States,* 556 F.2d 903 (8th Cir. 1977); *McClendon v. Blount,* 452 F.2d 381 (7th Cir. 1971) (rejecting jurisdiction based on § 1361 since it would undermine the Court of Claims' jurisdiction); *Larson v. Hoffman,* 444 F.Supp. 245 (D.D.C.1977); *see also Sheehan v. Army & Air Force Exchange Service,* 619 F.2d 1132 at 1138–1140 n.14 (5th Cir. 1980); *Doe v. United States Civil Service Commission,* 483 F.Supp. 539, 558–562 (S.D.N.Y.1980).

Thus, this court is constrained to conclude that the proper forum for this Back Pay Act case is the Court of Claims. Pursuant to 28 U.S.C. § 1406(d), it is hereby ordered that this cause be immediately transferred to the Court of Claims.