**Christopher HODGE, Plaintiff,**

v.

**Bernard ROSTKER et al., Defendants.**

**Civ. A. No. 80–2501.**

United States District Court, District of Columbia.

Nov. 26, 1980.

Christopher Hodge, pro se.

Ellen Lee Park, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Plaintiff brought this action under the Freedom of Information Act, 5 U.S.C. § 552, seeking records from the Selective Service System and the Director, Bernard Rostker.[1] The plaintiff has served the agency and its Director, as well as the United States Attorney for the District of Columbia and the Attorney General of the United States by certified mail. The defendants assert that service by mail upon the named defendants and the United States Attorney is insufficient because it

---

1. The Court will enter an order of even date striking the name of defendant Bernard Rostker and directing that the case proceed against defendant by his official title.

fails to comply with the requirements of rule 4(c) and rule 4(d)(4), (5) of the Federal Rules of Civil Procedure. The plaintiff contends that service was proper because rule 4(c) now authorizes service according to local rules, which authorizes service by certified mail. The Court disagrees and finds for the defendants.

Pursuant to rule 4(d)(4), service upon the United States must be by "delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the Clerk of the Court ... and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General." Fed.R.Civ.P. 4(d)(4).

In addition, because the Selective Service System is an agency of the United States, service upon them consists of "delivering a copy of the summons and complaint" to them. Fed.R.Civ.P. 4(d)(5).

These subsections of rule 4(d) regarding service upon the United States were specifically meant to provide a uniform and comprehensive method of service for all actions against the United States or an officer or agency thereof. *See* Notes of the Advisory Committee on Rules, 28 U.S.C.A. p. 210 (Rule 4). Paragraph (7) of rule 4(d), which allows for service in a manner prescribed by state or local law, specifically liberalizes service only upon an individual or a corporation; the United States is clearly exempted.

The problem in this case arises due to an amendment to rule 4(c), which sets forth *who is* to serve process, as opposed to rule 4(d), which sets forth the *manner* of service. Prior to the August, 1980 amendment, rule 4(c) provided that service shall be made by a United States marshal, his deputy or a special process server. This was contrary to many state laws and created a conflict with rule 4(d)(7) and rule 4(e), which allowed state law to apply to service of individuals, corporations, and out–of–state defendants.

Rule 4(c), therefore, was amended to provide for service to be made by a person authorized to serve process in an action brought in the courts of general jurisdiction of the state in which the district court is held. The history of this amendment suggests that its purpose was to render consistent the *manner* of service prescribed by rule 4(d)(7) and rule 4(e), and the *who* is to make service provided by rule 4(c). *See* Notes of the Advisory Committee, *reprinted in* 85 F.R.D. 524; *United States ex rel. Tanos v. St. Paul Mercury Insurance Co.*, 361 F.2d 838 (5th Cir. 1966); *Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423 (9th Cir. 1973). Although there is some ambiguity in the committee notes as to the application of rule 4(c) (as amended) to paragraph (d), there is no specific mention by the Committee of an intent to alter the provisions of subparagraphs (4) and (5) regarding service upon the United States. Under the plaintiff's interpretation of rule 4(c), whereby plaintiff must merely comply with state law, the manner of service set forth in subparagraphs (4) and (5) would be rendered meaningless. If the Committee had intended such a result, it would have so stated.

Therefore, the Court finds that the original intent behind rule 4(d)(4) and rule 4(d)(5) prevails, and that a uniform and comprehensive method of service for all actions against the United States or an officer or agency thereof should continue until the rules or the Advisory Committee state otherwise.

An order in accordance with the foregoing was issued on November 18, 1980.