Kenneth F. WILLIAMS

v.

**UNITED STATES of America, et al.**

No. 82-98-CIV-4.

United States District Court,
E.D. North Carolina,
New Bern Division.

Feb. 11, 1983.

Earl Whitted, Jr., Goldsboro, N.C., for plaintiff.

Samuel T. Currin, U.S. Atty., E.D.N.C., Raleigh, N.C., for defendants.

### ORDER

JAMES C. FOX, District Judge.

Plaintiff initiated this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(d) (1976) by complaint filed September 2, 1982. Named as defendants are the United States, the United States Marine Corps, and R.J. Dillard, who is allegedly an employee of the Marine Corps, and who is sued in both his individual and official capacities. The case is before the court on defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and (5) and plaintiff's motion for leave to serve process upon the Attorney General.

Plaintiff alleges that on or about December 11, 1980, he was shot and injured by defendant Dillard, who was then allegedly acting within the scope of his employment

as an agent of the Naval Investigation Service (NIS). Plaintiff alleges that he has suffered permanent mental and physical injuries as a result of this incident. His administrative claim was denied by the Department of the Navy on March 26, 1982. Plaintiff then initiated this action seeking an award of damages in the amount of two million dollars.

Defendants filed their Rule 12 motions and a memorandum of law in support thereof, alleging (1) that the Marine Corps and Dillard, acting in his official capacity, are not subject to claims seeking money damages under the Tort Claims Act; (2) that plaintiff has failed to allege any jurisdictional basis for his action against Agent Dillard in his individual capacity; and (3) that plaintiff has failed to properly effectuate service of process upon the Attorney General, as required by Fed.R.Civ.P. 4(d)(4).

 Defendants' brief correctly states the applicable law. Federal agencies may not be sued in their own names under the F.T.C.A. 28 U.S.C. § 2679(a); *Mullins v. First National Exchange Bank of Virginia,* 275 F.Supp. 712, 720 n. 3 (W.D.Va.1967); *Miller v. United States,* 458 F.Supp. 363, 364 (D.P.R.1978). Additionally, an action against a federal employee in his official capacity seeking money damages is, in essence, an action against the United States. *Salla v. Califano,* 499 F.Supp. 684, 685 (N.D. Ill.1980); *Whealton v. United States,* 271 F.Supp. 770, 773 (E.D.Va.1967). The only proper defendant herein is the United States. Accordingly, the motions of defendants United States Marine Corps and R.J. Dillard, in his official capacity, are allowed.

 Plaintiff also names Dillard as a defendant in his individual capacity. The only jurisdictional basis alleged in the complaint is the Tort Claims Act, which clearly does not apply to individuals. No further jurisdictional allegation is contained in the complaint, nor is the court's jurisdiction apparent on the face of the complaint. See Fed.R.Civ.P. 8(a)(1). Accordingly, the motion of the individual defendant is allowed.

Finally, the United States moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(5), asserting that the Attorney General has not been served as required by Rule 4(d)(4). In response, plaintiff seeks leave of court to serve the Attorney General. Rule 4(d)(4) provides that service of the summons and complaint upon the United States *shall* be made by "... delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States...." In this action, the United States Attorney was properly served, but no service was made upon the Attorney General as required by the rule. If defendants' motion is allowed, any attempt by plaintiff to reinstitute this action must fail due to the expiration of the two year statute of limitations.

The provisions of Rule 4(d)(4) effectuate a waiver of the government's sovereign immunity. *City of New York v. McAllister Brothers, Inc.,* 278 F.2d 708, 710 (2d Cir. 1960). Several courts have therefore concluded that strict compliance with Rule 4(d)(4) is mandatory. *Messenger v. United States,* 231 F.2d 328, 330 (2nd Cir.1956); *Wallach v. Cannon,* 357 F.2d 557, 559 (8th Cir.1966); *Lemmon v. Social Security Administration,* 20 F.R.D. 215, 217 (D.S.C. 1957). See *Hodge v. Rostker,* 501 F.Supp. 332, 333 (D.D.C.1980). Other courts have held that where the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and where there exists a justifiable excuse for the failure to serve properly, Rule 4(d)(4) should not be so rigidly construed. *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir.1982); *Rollins v. United States,* 286 F.2d 761, 765 (9th Cir.1961); *Piendak v. Local Board No. 5,* 318 F.Supp. 1393, 1396 (W.D.Pa.1970); *Fugle v. United States,* 157 F.Supp. 81, 84 (D.Mont.1957).

 The source of the authority to waive the clear and unambiguous provisions of Rule 4(d)(4) is not readily apparent from the above-mentioned cases. However, even assuming that the court has the authority to correct the defect in service, it is apparent from a review of the cases that no such authority should be exercised herein. In

each of the previously mentioned cases, the defect in service was either not attributable to the plaintiff or was remedied by the government's answer and/or active participation in the action. The only justification advanced for the defective service in this action is that counsel for plaintiff misread the rule. This neglect is regrettable but not excusable. The government did not answer or act in any other fashion which could be construed as a waiver of the requirements of the rule; in fact, the government promptly moved to dismiss the action.

The court is reluctant to dismiss the action; however, the provisions of Rule 4(d)(4) are absolutely clear, and plaintiff has failed to persuade the court that the provisions of the rule should be waived. Plaintiff's remedy now lies elsewhere. Accordingly, defendants' motion is allowed, plaintiff's motion is denied, and this action is dismissed.

SO ORDERED.