PER CURIAM:
 

 This appeal returns to this Court the efforts of the District Court for the District of Connecticut to protect the adjudication process from the relentless efforts of a
 
 pro se
 
 litigant to disrupt the process by vexatious and harassing litigation. A year ago this Court substantially affirmed an injunction issued by Judge Cabranes barring Anthony R. Martin-Trigona from initiating litigation in federal courts except in compliance with specified conditions.
 
 In re Martin-Trigona,
 
 737 F.2d 1254 (2d Cir.1984). We remanded to the District Court for modifications of the injunction. Upon remand, the District Court, on September 13, 1984, vacated the original injunction and entered a new injunction, which is the principal subject of this appeal.
 
 In re Martin-Trigona,
 
 592 F.Supp. 1566, 1569-76 (D.Conn.1984) (text of injunction). The appeal also seeks review of an ancillary order, entered April 23, 1984, concerning maintenance of files in the office of the Clerk of the District Court in connection with papers sought to be filed by Martin-Trigona. We affirm the September 13 order of injunction and the April 23 order concerning court files.
 

 Our prior decision directed two basic changes in the original injunction. First, we determined that the requirement that Martin-Trigona seek leave of the court in which he wishes to file new actions should not apply to suits initiated in state courts; however, the requirement that Martin-Tri-gona append to his state court pleadings pertinent informational materials alerting state courts to his prior history of vexatious litigation was to be retained in the revised injunction. 737 F.2d at 1262-63. Second, because we narrowed the limitations upon litigation in state court, we instructed the District Court to include a new provision designed to afford protection against harassing litigation in any courts to litigants and their lawyers, families, and associates who have encountered Martin-Trigona in litigation in the District of Connecticut or this Court.
 
 Id.
 
 at 1263. We also made clear that our decision was not to be construed as limiting the power of the District Court “to prevent harassing and vexatious conduct by Martin-Trigona.”
 
 Id.
 

 The revised injunction complies faithfully with our prior decision. Though somewhat more elaborate and precise than the original injunction, the new injunction contains no provision that is not fully warranted in light of the litigation history of Martin-Tri-gona. We turn, then, to the specific claims advanced on this appeal.
 

 1. Martin-Trigona contends that the District Court lacked subject matter and personal jurisdiction to issue the injunction. The District Court’s authority was explicitly upheld on the prior appeal. “Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.” 737 F.2d at 1261. The District Court acted with respect to litigation properly within its jurisdiction.
 
 See In re Martin-Trigona,
 
 760 F.2d 1334 (2d Cir.1985) (detailing Martin-Trigona’s actions in initiating bankruptcy proceedings in the Southern District of New York, the subsequent transfer of those proceedings to the District of Connecticut, and Martin-Trigona’s enjoyment of protection of the Bankruptcy Court from the claims of his and his corporation’s creditors for several years).
 

 2. Martin-Trigona contends that the scope of the revised injunction is too broad. He objects particularly to the phrasing of the provision requiring leave of the federal forum in which he wishes to initiate new litigation. That provision ap
 
 *142
 
 plies to the filing of “any new lawsuit, action, proceeding, or matter in any federal court, agency, tribunal, committee, or other federal forum of the United States.” 592 F.Supp. at 1571. Martin-Trigona claims that this provision limits his ability to write a letter to his congressman. The contention is without substance. The injunction has no application whatever to the Legislative Branch. It is designed to place some reasonable bounds upon appellant's recourse to litigation in federal forums, and it properly defines those forums broadly to include not only federal courts but also federal agencies, tribunals, or committees in which adjudications might be sought. If a situation should arise where Martin-Tri-gona can represent in good faith that his effort to initiate a particular matter in some federal forum ought not to be subject to the “leave-of-court” or the informational requirements of the injunction, he is free to apply to the District Court for exemption; in the absence of such an exemption, however, he acts at his peril.
 

 Appellant also complains of the scope of paragraph VII of the injunction, 592 F.Supp. at 1573-74, the provision that prohibits him from initiating lawsuits or other matters in any federal, state, or local forum against persons or entities that have encountered him or had any connection with litigation involving him in the Bankruptcy Court or the District Court for the District of Connecticut or this Court. He particularly complains of what he alleges to be uncertainty created by the breadth of this provision to include relatives, friends, and associates of the judges, lawyers, and other officials listed in paragraph VII of the injunction. The breadth of this provision is fully warranted by Martin-Trigona’s demonstrated propensity for making litigation a weapon to be turned upon not only the lawyers who oppose him and the judges who adjudicate his cases but also persons with no conceivable relationship to the subject matter of his lawsuits but who happen to be related or associated in some way with a person who has incurred his ire in the course of litigation. He has used this tactic to sue a judge’s wife, to file a petition to become guardian of a judge’s children, to sue a lawyer who moved the admission
 
 pro hac vice
 
 of another lawyer, and to sue the estate of the deceased father of a bankruptcy trustee. There is no substance to the contention that Martin-Tri-gona runs the risk of unwittingly violating this provision of the injunction when he might not know whether a particular individual he plans to sue is a relative or friend of a judge or lawyer whom appellant has encountered in pending or prior litigation. This provision is obviously designed to prevent deliberate harassment; it is therefore to be construed with a
 
 scienter
 
 requirement so that Martin-Trigona is obliged to seek leave of the District Court in Connecticut, pursuant to paragraph VII of the injunction, only in those instances when he knows or reasonably should know that the person he intends to sue is within the category of persons covered by this provision.
 

 3. Martin-Trigona makes a variety of other objections to the revised injunction, none of which warrants discussion. Many have been rejected on the prior appeal from the original injunction. All are entirely without merit.
 

 4. Finally, Martin-Trigona seeks review of an order entered April 23, 1984, concerning the maintenance of files in the office of the Clerk of the District Court in connection with papers filed and sought to be filed by appellant. The order is designed to implement the procedure, established by the original injunction and carried forward by the revised injunction, by which Martin-Trigona is required to seek leave of the District Court in order to file various pleadings and other documents. The order directs the Clerk to maintain two folders entitled “Leave to Serve and File Granted” and “Leave to Serve and File Denied.” When leave is granted, a copy of the document to be filed is kept in the first file; the original is returned to appellant so that service can be made. When leave is denied, the original document sought to be filed is kept in the second file.
 

 Appellant specifically complains of the provision in the April 23, 1984, order stating that documents in these folders “shall not become part of the public record of
 
 *143
 
 these consolidated proceedings.” He contends that the District Court has removed papers from public scrutiny, contrary to the normal requirements of 11 U.S.C. § 107 (1982) (papers filed in cases under bankruptcy title are public records unless sealed because of confidential information or scandalous matter). This claim is frivolous. The order does not seal any document, nor in any way remove a document from public inspection. The order simply prevents the documents in the designated folders from becoming part of the public record
 
 of the consolidated bankruptcy proceedings,
 
 thus sparing the Clerk’s office the burden of docketing the documents and sparing the litigants in those proceedings from being besieged with such documents unless and until the District Court has granted leave to permit their filing. The designated folders and their contents are available for public inspection in the office of the District Court Clerk. Of course, neither the April 23 order nor our approval of it should be construed to limit the authority of the District Court, for good cause in an appropriate instance, to place under seal a scurrilous document.
 

 The April 23,1984, order concerning files and the September 13, 1984, order issuing .the revised injunction are affirmed. The mandate shall issue forthwith.