Anthony R.
**MARTIN-TRIGONA, Plaintiff,**

v.

**Roy STEWART, Defendant.**

Civ. A. No. 86–2051.

United States District Court,
District of Columbia.

Jan. 15, 1987.

Anthony R. Martin-Trigona, Middletown, Conn., pro se.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss. Upon careful consideration of the pleadings and the record herein, the Court grants the motion to dismiss and denies the two motions filed belatedly by plaintiff.

The defendant is the former Chief of the Renewal and Transfer Branch of the Broadcast Bureau of the Federal Communications Commission. On July 27, 1981, plaintiff filed a complaint, totally identical to the one in the instant action, in the United States District Court for the Western District of Missouri. On August 25, 1981, that district court dismissed the complaint without prejudice for, *inter alia,* failure to state a claim upon which relief could be granted. On December 3, 1982, the Eighth Circuit affirmed that dismissal in *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982).

On September 26, 1983, the United States District Court for the District of

Connecticut permanently enjoined Martin-Trigona from filing further lawsuits unless he first moved the court in which he sought to file the suit for leave to file it. *In re Martin-Trigona,* 573 F.Supp. 1245 (D.Conn.1983), *aff'd in part, vacated in part, remanded,* 737 F.2d 1254 (2d Cir. 1984). According to the terms of the modified injunction, Martin-Trigona must, among other things, attach an appendix to such motions listing the names of all cases previously filed by him against each and every defendant in the suit he wishes to file, provide copies of the complaints in those cases, and provide certified records of their disposition. *In re Martin-Trigona,* 592 F.Supp. 1566, 1571–72 (D.Conn.1984), *aff'd,* 763 F.2d 140 (2d Cir.1985).

On July 25, 1986, Martin-Trigona filed his complaint in instant action. Plaintiff did not comply with the terms of the injunction. Instead, in a "Notice to the Court," plaintiff stated that the injunction did not apply to this case "because this case is a 'carbon copy' refiling of a case previously dismissed without prejudice." This deceptive characterization did succeed in inducing an employee in the Clerk's office to accept the complaint for filing. However, the Court does not agree with plaintiff's claim that the injunction does not apply to this case. The injunction unquestionably applies to the refiling of a previously dismissed case.

> Martin-Trigona must not be permitted to harass all the defendants he has previously sued without success by refiling in new jurisdictions either revised or substantially identical versions of the claims that were rejected on their merits or abandoned. The refiling of a suit with such claims would manifestly be the very sort of "new" suit the injunction was designed to cover.

*United States v. Martin-Trigona,* 756 F.2d 260, 262 (2d Cir.1985).

Over five years elapsed before Martin-Trigona filed here the identical complaint which had been dismissed in Missouri. Martin-Trigona clearly had abandoned the action, and the injunction manifestly covers such a refiling. Therefore, the Court dismisses the complaint because Martin-Trigona failed to comply with the terms of the injunction.

Additional grounds exist which cause the Court to dismiss the complaint.

■ First, the defendant never was properly served. Federal Rules of Civil Procedure 4(c) and 4(d)(4) and (5) state that proper service upon an agency of the United States requires *inter alia* that a copy of the summons and complaint be "delivered" to a person designated for that purpose, more particularly, the United States Attorney for the District of Columbia. *Hodge v. Rostker,* 501 F.Supp. 332 (D.D.C.1980). Martin-Trigona never "delivered" a copy of the summons and complaint to a person designated for that purpose. Failure to properly serve the United States Attorney also necessitates that the complaint be dismissed.

■ The action also obviously is barred by the statute of limitations. The statute of limitations is not longer than three years. *Forrestal Village, Inc. v. Graham,* 551 F.2d 411 (D.C.Cir.1977); *Richards v. Mileski,* 662 F.2d 65 (D.C.Cir.1981); 12 D.C.Code § 301(8). Although plaintiff fails to specify when the allegedly wrongful acts occurred, they must have occurred prior to filing the complaint in the United States District Court for the Western District of Missouri on July 27, 1981. Long over three years elapsed before Martin-Trigona filed the identical complaint here. Therefore, on the additional ground that the statute of limitations has run, the complaint must be dismissed.

■ The doctrine of issue preclusion further requires that the complaint be dismissed. The complaint is identical, word for word, to the complaint dismissed for failure to state a claim by the District Court in Missouri. *See Martin-Trigona v. Stewart,* No. 81–3261–CU–S (W.D.Mo. Aug. 25, 1981), *aff'd, Martin-Trigona,* 691 F.2d 856 (8th Cir.1982). Therefore, on the additional basis of the doctrine of issue preclusion, the Court dismisses the complaint.

On the day on which the Court originally intended to issue its ruling in this case (January 8, 1987), plaintiff filed additional pleadings. One, a change of address, requires no comment. Another was a Motion To Reassign Case To New Judge. When plaintiff euchred the Clerk's office into accepting his complaint for filing, for reasons known only to him he did not advise the clerk that he has two other cases pending in this court. The earlier, Civil Action No. 79–3353, is assigned to Judge Johnson. The undersigned was unaware of that case when this one was filed, but that case is stayed by virtue of a bankruptcy proceeding. No purpose would be served by reassigning this case to Judge Johnson. The undersigned was aware of plaintiff's other pending case, Civil Action No. 82–425, which is assigned to Judge June L. Green.[1] The undersigned did not wish to burden Judge Green with this case. Accordingly, the motion to reassign the case is denied.

■ Plaintiff also filed a motion for an extension of time within which to oppose defendant's motion to dismiss. The motion to dismiss was filed, and a copy thereof was mailed to plaintiff, on December 15, 1986. In the cursory memorandum in support of his motion, plaintiff states that he "was absent from his office from December 15, 1986 to January 5, 1987." He also states:

> The preliminary matter to be decided is which judge will proceed with the case. Judge Harris should not hear the case under the local rules of the court and because he handled a related aspect of the litigation while he was U.S. Attorney.

The undersigned was the United States Attorney for the District of Columbia from February of 1982 until December of 1983. During that period, as required by law, every pleading filed in this court by the Government had the undersigned's name on it. However, not only did the undersigned not "handle" any matter involving plaintiff when he was the United States Attorney, but moreover the undersigned had no knowledge of plaintiff prior to becoming a member of this court.

Despite the superficiality of plaintiff's untimely motion for an extension of time within which to oppose the motion to dismiss, normally the Court would permit an opposition to be filed. However, nothing plaintiff could say would alter the inevitable conclusion that the complaint must be dismissed. It was accepted for filing erroneously, due to plaintiff's subterfuge of a "carbon copy" claim. For all of the reasons discussed above, manifestly the complaint does not state a claim upon which relief could be granted. The motion for an extension of time is denied, and the complaint is dismissed with prejudice.

An appropriate Order accompanies this Memorandum Opinion.[2]

### ORDER

This matter is before the Court on defendant's motion to dismiss, plaintiff's motion to reassign the case to another judge, and plaintiff's motion for an extension of time. Upon consideration of the entire record herein, for the reasons stated in the accompanying Memorandum Opinion it hereby is

ORDERED, that plaintiff's motion to reassign the case is denied. It hereby further is

ORDERED, that plaintiff's motion for an extension of time is denied. It hereby further is

ORDERED, that defendant's motion is granted and this action is dismissed with prejudice.

SO ORDERED.

---

1. That case was tried late last year, but the jury was unable to arrive at a verdict and a mistrial was declared.

2. The Court will provide a complete copy of the file in this case to Judge Cabranes of the United States District Court for the District of Connecticut.