Anthony R. MARTIN, Plaintiff,

v.

COCA–COLA COMPANY,
et al., Defendants.

Civ. A. No. 91–3117.

United States District Court,
District of Columbia.

Feb. 21, 1992.

Anthony R. Martin, pro se.

Rodney H. Glover, B. Lee Willis, Hazel and Thomas, Washington, D.C., Elizabeth Finn Johnson, The Coca–Cola Co., Atlanta, Ga., for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

On February 3, 1992, the Court held a hearing to consider defendants' motion to

**4**

dismiss. Plaintiff failed to appear despite the fact that on January 9, 1992, the Court mailed him notice of the hearing. Since that time, plaintiff has informed the Court that he has a new address in Florida. Plaintiff has offered an explanation for his failure to appear, but he has no acceptable excuse. He bore the responsibility for keeping the Court informed of his correct mailing address. The Court can find no reason why it should delay consideration of the merits of this case any longer.

Plaintiff has alleged that defendant placed an advertisement on bottles of its product, Diet Coke. The advertisement said "Save 25 cents on your next purchase of a 2 or 3 liter bottle or multi-pack of coca-cola products with coupon on back of label." On the reverse side of the label plaintiff reproduced and attached to his complaint, the defendants printed a coupon good for 25 cents off Diet Sprite or diet Minute Maid soda. Plaintiff claims that the advertisement and coupon violate the District of Columbia Consumer Protection Act, D.C.Code § 28–3904(e), (f) and (h).

 Plaintiff's claim is nothing short of preposterous. The Court agrees with arguments tendered by the defendants and will dismiss the complaint. Plaintiff has not served the individual defendants properly. *See* Fed.R.Civ.P. 4(c) and 12(b)(5). Leaving copies of the complaint at the corporate defendant's District of Columbia office does not satisfy the requirement that individual defendants be served personally or at least at some place where they are regularly present, usually a residence. Furthermore, the individual defendants are not subject to the personal jurisdiction of this court. They do not reside or work in the District of Columbia, and none of the provisions of the D.C. long-arm statute apply to them. *See* D.C.Code § 13–423. Finally, plaintiff has failed to state a claim on which relief can be granted. Defendants' advertisement was truthful, and plaintiff has failed to allege any injury he suffered as a result of their truthful statement. *See Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195 (D.C.App.1991).

Plaintiff has also failed to comply with the terms of the injunction issued by the United States District Court for the District of Connecticut. *See In re Martin-Trigona,* 592 F.Supp. 1566 (D.Conn.1984), *aff'd,* 763 F.2d 140 (2d Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). Accordingly, the Court will dismiss plaintiff's action.