Aaron VANO, Petitioner,

v.

UNITED STATES of America,
et al., Respondent.

No. CIV. 1:01CV235.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Sept. 18, 2001.

Aaron Vano, Grand Rapids, MI, Pro se.

Deborah M Leonard, United States Attorneys Office, Fort Wayne, IN, Bonni J Perlin, U S Department of Justice, Tax Division, Washington, DC, for USA, ex rel, Internal Revenue Service, respondents.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a motion to dismiss filed by the government on August 6, 2001. The petitioner, Aaron Vano ("Vano"), responded to the motion on August 27, 2001, to which the government replied on September 14, 2001.

For the following reasons, the government's motion to dismiss will be granted.

### Discussion

On June 15, 2001, Vano filed a "Petition to Quash IRS Summons". This petition relates to a third-party summons issued to Kendall & Davis, Inc. on May 17, 2001, concerning the tax records of the petitioner for the years 1993 through 1999.

In support of its motion to dismiss, the government first argues that this court lacks personal jurisdiction over the United States because it has not been properly served with process. This court lacks personal jurisdiction in cases where the defendant has not been properly served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. In the present case, Vano bears the burden of demonstrating that personal jurisdiction exists. *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir.1984). The United States must be served by mailing a copy of the petition by registered or certified mail to the Attorney General and by delivering the petition to the local United States' Attorney's office. Fed. R. Civ.P. 4(i). *Hodge v. Rostker*, 501 F.Supp. 332, 333 (D.D.C.1980). This court lacks jurisdiction if these requirements are not met. *Sanchez–Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir.1982).

In the present case, the petition to quash was filed on June 15, 2001, and a copy of the petition was served on the United States Attorney for the Northern District of Indiana, Fort Wayne Division, on June 4, 2001. However, the petition to quash was not served with a corresponding summons which the government claims is required by Fed.R.Civ.P. 4(i)(1)(A). According to the government, the only document accompanying the petition was a document signed by the petitioner's wife, Norma Vano, that purports to be service of process. The government also points out that its copy of the petition to quash does not have a certificate of service attached showing that proper service was made. Under Fed.R.Civ.P. 4(i)(1)(B), the Attorney General of the United States

must be served with a copy of the summons and the petition or complaint. The government argues that there is no indication that proper service was made upon the Attorney General and that a copy of the summons was received by the Attorney General. Therefore, the government contends that pursuant to Rules 12(b)(4) and (b)(5) of the Federal Rules of Civil Procedure, the entire petition should be dismissed for insufficiency of process and insufficiency of service of process, respectively.

In response to the government's arguments with respect to process and service of process, Vano maintains that he served both the local United States Attorney and the Attorney General. Vano has submitted, as Exhibit C, Express Mail receipts which evidence that the Attorney General was served by registered mail on June 4, 2001. Vano also points out that under the rules relating to petitions to quash IRS summonses, 26 U.S.C. § 7609 et seq., the filing of a petition to quash does not require a summons. The government apparently concedes that Vano's arguments on this point are correct, as it has not contested the arguments in its reply. As the evidence reflects that process and service of process was properly effected, the court determines that it has jurisdiction over the government in the present action.

■ The government next argues that Vano's petition fails to state a claim for which relief can be granted. The government contends that the petition to quash fails to set forth any allegations which would constitute a legally sufficient challenge or defense to the enforcement of the summons which Vano seeks to have quashed. The government notes that Vano vaguely suggests that enforcement of the summons will violate his Fourth and Fifth amendment rights. However, as the government points out, the United States

Supreme Court has sustained the summons power against attack on Fourth Amendment grounds. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In any event, in the present case, Vano's Fourth Amendment rights are not implicated in any way by compliance with a summons seeking the records of third-party Kendall & Davis, Inc.

■ Likewise, Vano cannot assert a Fifth Amendment privilege because the summons is directed toward a third-party, and not toward Vano himself. Consequently, there is no "compulsion" with respect to the petitioner as required in order to assert a Fifth Amendment self-incrimination defense. *Couch v. United States,* 409 U.S. 322, 328, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973)("[t]he Constitution explicitly prohibits compelling an accused to bear witness 'against himself'; it necessarily does not proscribe incriminating statements elicited from another."); *Fisher v. United States,* 425 U.S. 391, 397–400, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)(Fifth Amendment privilege not violated by enforcement of IRS summons to taxpayer's attorney even if production of same papers could not be compelled directly from the taxpayer).

■ In response to the government's claim that he has failed to state a claim, Vano argues that the summons in question was not issued in good faith and for a legitimate purpose. The crux of Vano's argument is that he "filed tax returns for the years 1993 through 1999 under protest, without prejudice", and included a clause in a letter filed together with these returns that read, in part:

> if the IRS does not answer on a point by point bases, then your agency (IRS) fully agrees to the complete contents of this letter of protest, and will raise no

defense to the contents, nor claim a tax liability imposed under 26 U.S.C. § 1(a) or 3, to be due and owing upon the undersigned by your agency or in a court of law.

Petitioner's Response at 3. Vano further argues that "[u]nder the law of estoppel, the IRS and Agent Jorgensen has waived the claim as to a tax liability, and therefore is now doing what they cannot legally do, without answering the tax return protest." Petitioner's Response at 5.

This court agrees with the government that Vano's arguments have no merit. 26 U.S.C. § 7602 authorizes the IRS to summon:

> any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax. . . to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, and or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry. . . .

26 U.S.C. § 7602(a)(2). The United States Supreme Court has explicitly noted that the scope of Section 7602 is broad. *United States v. Arthur Young*, 465 U.S. 805, 816–17, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984)("courts should be chary in recognizing exceptions to the broad summons authority of the IRS or in fashioning new privileges that would curtail disclosure under § 7602. . . ."). As the government has correctly argued, Vano has provided no legal basis for his position that because he filed his federal tax returns under protest, the IRS cannot use its summons power under 26 U.S.C. § 7602(a)(2), to investigate his federal income tax liabilities.

■ Clearly, the government's burden is simply to make a *prima facie* case that the IRS issued its summons in good faith. To do this, the government only has to show that "the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; and the IRS has followed the statutory steps for issuing a summons." *2121 Arlington Heights Corp. v. Internal Revenue Service*, 109 F.3d 1221, 1224 (7th Cir.1997). "The government typically makes that showing through the affidavit of the revenue agent conducting the audit." *Id.* In the present case, the government submitted the declaration of Revenue Agent Karen L. Jorgensen. In her declaration, agent Jorgensen declared that she was assigned to investigate Vano's federal income tax liabilities for the years 1993 through 1999; that she learned that Kendall & Davis, Inc. engaged in financial transactions with Vano during the years in examination and that it was in possession of books, records, or other data, and testimony, relating to Vano's correct income tax liability; and that the IRS followed all statutory procedures for issuing a summons. Considering this evidence, the court agrees with the government that it has made a *prima facie* case that the IRS issued its summons in good faith.

■ Since the government has met its initial burden, the burden shifts to Vano to show that the government's issuance of the summons was an abuse of process. *2121 Arlington Heights Corp.*, 109 F.3d at 1224. Vano can do so "either by disproving the existence of one of the *Powell* factors or pointing to specific facts suggesting that the IRS issued the summons in bad faith." *Id.* Again, it is clear that Vano has failed to meet his burden of proof, as his argument is based solely on the legally groundless and incorrect contention that the government is estopped from using its summons authority because he filed his federal income tax returns under protest.

The summons authority provided by 26 U.S.C. § 7602 cannot be limited or conditionally limited by the unilateral acts of a taxpayer adding language to a tax return. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 419, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990)("[W]e have recognized that equitable estoppel will not lie against the Government as it lies against private litigants."). In order to claim estoppel against the government, a taxpayer must be able to show that he relied on the government's conduct "in such a manner as to change his position for the worse, and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." *Heckler v. Community Health Services,* 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). In the present case, Vano does not contend that he reasonably relied on government conduct which has changed his position for the worse. Rather, he incorrectly contends that the government is estopped from using its summons authority by his unilateral act of adding certain language to his tax returns.

As Vano's arguments are totally meritless, the court will grant the government's motion to dismiss.

### Conclusion

On the basis of the foregoing, the government's motion to dismiss the petition to quash is hereby GRANTED.