**Anthony R. MARTIN, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF STATE, et al., Defendants.**

**No. CIV.A.02–186 RWR.**

United States District Court,
District of Columbia.

Feb. 14, 2003.

Anthony R. Martin, New York City, Pro se.

*MEMORANDUM OPINION*

ROBERTS, District Judge.

Plaintiff sought and received leave to file a complaint in this Court against two federal agencies and two states. Florida and the federal defendants moved to dismiss the complaint for plaintiff's failure to comply fully with an injunction issued by the United States District Court for the District of Connecticut that required plaintiff to provide full and detailed notice of his history of harassing and vexatious litigation when seeking leave to file new federal complaints. Because the plaintiff failed to comply with the injunction, and also misled this Court apparently to circumvent the injunction, defendants' motion will be granted.

In 1984, the United States District Court for the District of Connecticut issued a permanent injunction against plaintiff, who used the name of Anthony R. Martin–Trigona, barring him from filing any lawsuit in federal court without first fulfilling certain requirements. *In re Martin–Trigona,* 592 F.Supp. 1566, 1571–72 (D.Conn.1984), *aff'd,* 763 F.2d 140 (2d Cir.1985). Part Three of the permanent injunction states, in relevant part:

> Anthony R. Martin–Trigona is hereby permanently enjoined from filing or attempting to initiate any new lawsuit, action, proceeding, or matter in any federal court ... or other federal forum ... against any person or entity ... without first obtaining leave of that court .... In seeking such leave, Martin–Trigona ... shall comply with each of the following requirements: (a) he shall file with the complaint or document purporting to commence a lawsuit, action, proceeding or matter a motion captioned "Application Pursuant to Court Order Seeking Leave to File;" (b) he shall attach as "Exhibit 1" to that motion a copy of this court's opinion in *In*

re *Martin–Trigona,* 573 F.Supp. 1245 (D.Conn.1983), with all appendices; (c) he shall attach as "Exhibit 2" to that motion a copy of the decision of the Court of Appeals in *In re Martin–Trigona,* 737 F.2d 1254 (2d Cir.1984), with all appendices; (d) he shall attach as "Exhibit 3" to that motion a copy of this order, *In re Martin–Trigona,* 592 F.Supp. 1566 (D.Conn.1984), with all appendices; (e) he shall attach as "Exhibit 4" to that motion either an affidavit or an unsworn declaration pursuant to 28 U.S.C. § 1746 certifying whether or not the claim he wishes to present is a claim ever raised by him in any court . . . or other forum; (f) he shall attach as "Exhibit 5" to that motion a list of each and every lawsuit . . . previously filed by him or on his behalf in any court . . . or other forum, against each and every defendant or respondent in the lawsuit . . . he wishes to file or attempt to initiate; (g) he shall attach as "Exhibit 6" and successive exhibits (with numbers continuing as necessary) to that motion a copy of each such complaint or other document purporting to commence any such lawsuit . . . and a certified record of its disposition . . . .

Failure to comply with the terms of this order will be sufficient grounds for a federal court . . . to deny any motion by Martin–Trigona for leave to file. Further, the failure by Martin–Trigona to advise a federal court . . . in which he has filed a lawsuit . . . of the materials specified in subsections (a), (b), (c), and (d) of this section, *supra,* may be considered by such court . . . a sufficient basis for sustaining a motion to dismiss such a lawsuit . . . .

*Id.* at 1571–72.

Plaintiff failed to abide by the clear requirements of the injunction, and deprived this Court of the very details which would have been critical in deciding whether to grant leave to file the complaint. For example, plaintiff's motion was captioned "Motion for Leave to File Lawsuit" instead of "Application Pursuant to Court Order Seeking Leave to File." Plaintiff's wording hid the early warning intended by the language the injunction required. Plaintiff further failed to attach the court order and opinions required by subsections (b), (c) and (d) of the permanent injunction cited above. The omitted exhibits place in razor sharp relief plaintiff's history of harassing and vexatious litigation and set forth what plaintiff must do before filing a new action. Nor did plaintiff certify whether he had ever raised the claims in his complaint in any prior proceeding, or attach a list of all of his prior complaints against these defendants or copies of such complaints with certified records of their disposition, as subsections (e), (f) and (g) of the injunction require.

Instead, plaintiff attached a letter to the Chief Judge of this Court purporting to "assist the court in clarifying the applicability of an injunction . . . entered against me." (Pl.'s Mot. for Leave, Attach. at 1.) Plaintiff furnished none of the text of the injunction but implied that the injunction was entered merely to prevent *"relitigation." Id.* (emphasis original). He also asserted in his letter that "the D.C. Circuit has never applied [the injunction]" against him, and suggested that a continuing order be entered allowing him to file new lawsuits here to "avoid having to impose on every district judge having to 'reinvent the wheel.' " *Id.*

His representations are untrue and misleading, and serve only his disingenuous attempt to make an end-run around the injunction. Plaintiff is not at liberty to ignore the filing requirements whenever he thinks his new complaint does not involve relitigation. The excerpts of part

three of the seventeen-part injunction alone make that plain. Moreover, the D.C. Circuit has more than once upheld the enforcement of the 1984 injunction against him. *See Martin–Trigona v. Gellis & Melinger, et al.,* 830 F.2d 367 (D.C.Cir. 1987) (affirming dismissal of action by this plaintiff's mother against his attorneys pursuant to Fed.R.Civ.P. 41(b) for failure to comply with the terms of the 1984 injunction); *Martin–Trigona v. United States,* 779 F.2d 72 (D.C.Cir.1985) (affirming dismissal of this plaintiff's complaints for failure to comply with the terms of the 1984 injunction). Indeed, the circuit has dismissed an appeal plaintiff filed because he failed to seek leave to file the appeal as is required under the 1984 injunction. *Martin–Trigona v. FCC,* 791 F.2d 979 (D.C.Cir.1986), 1986 U.S.App. LEXIS 29415, at *1 (unpublished table decision). Plaintiff has also been rebuffed in this district court in other cases when seeking to file complaints without abiding by the injunction. *See Martin v. Coca–Cola,* 785 F.Supp. 3, 4 (D.D.C.1992) (dismissing this plaintiff's action in part because of his failure to abide by the terms of the 1984 permanent injunction); *Martin–Trigona v. Stewart,* 659 F.Supp. 45, 46 (D.D.C.1987) (same).

Because plaintiff violated the terms of the 1984 injunction by failing to fairly and appropriately apprise this Court of his vexatious litigation history, and, pursuant to Fed.R.Civ.P. 41(b)[1], this case will be dismissed against all defendants. A final order accompanies this memorandum opinion.

---

1. "For failure of the plaintiff … to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Fed.R.Civ.P. 41(b).